# 12-3639-cv

# United States Court of Appeals

*for the*

# Second Circuit

KAREN HOOKS, on behalf of themselves individually and all others similarly situated, GERALDINE MOORE, on behalf of themselves individually and all others similarly situated,

*Plaintiffs-Appellants,*

— v. —

FORMAN, HOLT, ELAIDES & RAVIN, LLC, WILLIAM L. WALDMAN,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF AND APPENDIX FOR PLAINTIFFS-APPELLANTS

NOVLETTE R. KIDD
FAGENSON & PUGLISI
*Attorneys for Plaintiffs-Appellants*
450 Seventh Avenue, Suite 704
New York, New York 10123
(212) 268-2128

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................... ii

I.  PRELIMINARY STATEMENT ................................................1

II.  JURISDICTIONAL STATEMENT ............................................1

III.  ISSUE PRESENTED ..........................................................1

IV.  STATEMENT OF THE CASE ...............................................2

V.  STATEMENT OF FACTS ....................................................3

VI.  SUMMARY OF ARGUMENT ...............................................4

VII.  ARGUMENT ..................................................................6

    A.  Standard of Review ..................................................6

    B.  The Plain Language of § 1692g(a)(3) Does Not Include a
        Writing Requirement or Preclude an Oral Dispute ............6

    C.  Congress Purposefully Omitted a Writing Requirement in
        § 1692g(a)(3) ......................................................16

    D.  This Court Has Not Considered Whether § 1692g(a)(3)
        Imposes a Writing Requirement .................................20

    E.  Judicial Amendment of the Plain Language of the FDCPA
        is Impermissible ...................................................23

VIII.  CONCLUSION..............................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Baez v. Wagner & Hunt, P.A.*,
  442 F. Supp. 2d 1273 (S.D. Fla. 2006) ..........................................................11

*Brady v. Credit Recovery Co.*,
  160 F.3d 64 (1st Cir. 1998) ..................................................................10, 12

*Camacho v. Bridgeport Financial, Inc.*,
  430 F.3d 1078 (9th Cir. 2005) ...........................................................*passim*

*Castro v. ARS National Services, Inc.*,
  2000 WL 264310 (S.D.N.Y. Mar. 8, 2000) ..................................................14

*Cervantes-Ascencio v. U.S. I.N.S.*,
  326 F.3d 83 (2d Cir. 2003) ........................................................................24

*Chung v. National Check Bureau, Inc.*,
  2005 WL 1541030 (S.D. Ind. June 30, 2005) ............................................13

*Clomon v. Jackson*,
  988 F.2d 1314 (2d Cir. 1993) ....................................................................17

*DeSantis v. Computer Credit, Inc.*,
  269 F.3d 159 (2d Cir. 2001) ................................................................... 7-8

*Ellis v. Solomon and Solomon, P.C.*,
  591 F.3d 130 (2d Cir. 2010) ......................................................................21

*Estate of Cowart v. Nicklos Drilling Co.*,
  505 U.S. 469, 112 S. Ct. 2589 (1992) ............................................................7

*Ford Motor Credit Co. v. Milhollin*,
  444 U.S. 555 (1980) ...................................................................................23

*Fox v. Citicorp Credit Servs., Inc.*,
  15 F.3d 1507 (9th Cir. 1994) ................................................................ 10-11

*Graziano v. Harrison*,
  950 F.2d 107 (3d Cir. 1991) .............................................................*passim*

*Guerrero v. Absolute Collection Service, Inc.*,
  2011 WL 8183860 (N.D. Ga. Oct. 6, 2011) ................................................15

*Hecht v. United Collection Bureau, Inc.*,
   691 F.3d 218 (2d Cir. 2012) ........................................................6

*In Re Almodovar*,
   2011 WL 381742 (D.P.R. Feb. 3, 2011) ....................................15

*Jacobson v. Healthcare Financial Services, Inc.*,
   516 F.3d 85 (2008) ......................................................................8

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*,
   --- U.S. ----, 130 S. Ct. 1605 (2010) ....................................12, 19

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*,
   464 F. Supp. 2d 720 (N.D. Ohio 2006) ..................................11, 12

*Lamie v. U.S. Trustee*,
   540 U.S. 526, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004) .............10, 11, 18

*Miller v. Wolpoff & Abramson, LLP.*,
   321 F.3d 292 (2d Cir. 2003) ..................................................20, 21

*Ong v. American Collection Enterprise, Inc.*,
   No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999)................13, 14

*Pipiles v. Credit Bureau of Lockport, Inc.*,
   886 F.2d 22 (2d Cir. 1989) .....................................................6, 19

*Reed v. Smith, Smith & Smith*,
   1995 WL 907764 (M.D. La. Feb. 8, 1995)...................................14

*Register v. Reiner, Reiner & Bendett, P.C.*,
   488 F. Supp. 2d 143 (D. Conn. 2007) ....................................12, 13

*Russell v. Equifax A.R.S.*,
   74 F.3d 30 (2d Cir. 1996) .........................................................18

*Sanchez v. Weiss*,
   173 F. Supp. 2d 1029 (D. Cal. 2001)..........................................14

*Sarno v. Midland Credit Management, Inc.*,
   2011 WL 349974 (S.D.N.Y.), *aff'd*, 435 Fed. Appx. 44
   (2d Cir. 2011)...................................................................21, 22

*Turner v. Shenandoah Legal Group, P.C.*,
   2006 WL 1685698 (E.D. Va. June 12, 2006)...............................11

iii

*Vega v. Credit Bureau Enterprises*,
    No. 02-CIV-1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005)............12, 13

*Young v. Credit Bureau, Inc.*,
    1989 WL 79054 (W.D.N.Y. Jul. 17, 1989) .................................................14

**Statutes & Other Authorities:**

15 U.S.C. § 1692 ................................................................................... 17-18

15 U.S.C. § 1692c(a)(1) .........................................................................10, 11

15 U.S.C. § 1692e(8) .........................................................................10, 12, 17

15 U.S.C. § 1692g ....................................................................................3, 18

15 U.S.C. § 1692g(a) ............................................................................7, 8, 10

15 U.S.C. § 1692g(a)(1) ................................................................................8

15 U.S.C. § 1692g(a)(2) ................................................................................8

15 U.S.C. § 1692g(a)(3) ........................................................................*passim*

15 U.S.C. § 1692g(a)(4) ........................................................................*passim*

15 U.S.C. § 1692g(a)(5) ........................................................................*passim*

15 U.S.C. § 1692g(b) ...............................................................................13, 14

15 U.S.C. § 1692h ................................................................................10, 17

15 U.S.C. § 1692k(d) ....................................................................................1

15 U.S.C. §§1692-1692p ......................................................................*passim*

28 U.S.C. § 1291 ..........................................................................................1

28 U.S.C. § 1331 ..........................................................................................1

28 U.S.C. § 1367 ..........................................................................................1

Consumer Credit Protection Act........................................................................23

Fed. R. Civ. P. 12(b)(6)..............................................................................2, 6

Literacy statistics, *available at* http://nces.ed.gov/NAAL/kf_
    demographics.asp (last visited Nov. 7, 2012)................................................17

New York Statistics, *available at* http://www.lvanys.org/
(last visited Nov. 7, 2012) ............................................................................17

White and Mansfield, *Literacy and Contract*,
13 Stanford Law and Policy Rev. 233 (2002) ...............................................17

## I.  PRELIMINARY STATEMENT

The decision below, by Chief United States District Judge Loretta A. Preska, is not reported. The Memorandum and Order is reprinted at Joint Appendix ("JA") 28.

## II.  JURISDICTIONAL STATEMENT

Plaintiffs-Appellants brought this action to redress violations of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. §§1692-1692p.  Jurisdiction in the district court was conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367. The district court entered its Memorandum decision dismissing this action on August 13, 2012. JA 28.  Judgment disposing of all claims of all parties based on that decision was entered on August 15, 2012. JA 48.  The Notice of Appeal was timely filed on September 11, 2012. JA 49.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## III.  ISSUE PRESENTED

Whether a debt collector may change the required validation disclosure mandated by FDCPA § 1692g(a)(3) by omitting the consumer's salutary statutory right to orally dispute the debt and imposing a restriction,

not found in the text of § 1692g(a)(3), limiting consumer disputes to those conveyed in writing.[1]

## IV.    STATEMENT OF THE CASE

On April 22, 2011, Plaintiffs-Appellants Karen Hooks and Geraldine Moore ("Consumers") filed this putative class action against the defendant debt collectors Forman, Holt, Eliades and Ravin, LLC. ("Debt Collector"). Dckt. No. 1.   On September 15, 2011, Consumers filed an amended complaint alleging, in the First Cause of Action, that Debt Collector violated 15 U.S.C. § 1692g(a)(3) by including in its required disclosure a condition that they and other alleged consumers must dispute their debts in writing in order to prevent Debt Collector from assuming that their debts are valid, even though Congress directed debt collectors to forego that assumption in the event of any dispute, oral or written. JA 11. Debt Collector moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the amended  complaint, and Chief United States District Judge Loretta A. Preska granted the motion.  JA 28.

---

[1] No appeal is being taken regarding other claims asserted in the complaint dismissed by the district court.

## V.   **STATEMENT OF FACTS**

Debt Collector sent to each Consumer a collection letter dated April

5, 2011.  JA 21.  The letter was titled:

> NOTICE PURSUANT TO THE FAIR DEBT COLLECTION
> PRACTICES ACT
>
> NOTICE OF INTENTION TO ACCELERATE AND FORECLOSE
> PURSUANT TO THE NEW JERSEY FAIR FORECLOSURE ACT
>
> REQUEST FOR DEED IN LIEU OF FORECLOSURE

The § 1692g(a)(3) disclosure located on page 3 of that letter states:

> UNLESS YOU NOTIFY US **IN WRITING** WITHIN THIRTY (30)
> DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT,
> OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME
> THAT THE DEBT IS VALID.

(Emphasis added.)

The letter was Debt Collector's initial written communication with

Consumers sent in connection with the collection of their underlying debt

and, in pertinent part, sought payment on a mortgage secured by a

timeshare property. Debt Collector sent no other letter to Consumers within

the § 1692g statutory five-day validation disclosure period.   JA 10.

The letter omitted the validation information required by § 1692g(a)(3) –

3

that Debt Collector would assume the debt to be valid unless the consumer

disputed the debt by any means, written or oral.  JA 11.

## VI.      SUMMARY OF ARGUMENT

Debt Collector violated the FDCPA by requiring that all consumer

disputes of the validity of a debt must be made in writing and by

eliminating in its validation disclosure the essential option that Congress

provided for non-written disputes. The plain language of § 1692g(a)(3)

does not limit the means by which a consumer may alert a debt collector to

a dispute of the validity of a debt: a dispute may be made orally or in

writing.

By requiring that Consumers dispute the validity of their debt in

writing, Debt Collector diminished the protections that Congress expressly

afforded FDCPA debtors.  Contrary to the plain language of the Act, Debt

Collector stated that it would assume the debt was valid absent a written

notification and even if Consumers timely disputed their debt orally.

Congress, however, adopted § 1692g(a)(3) because it understood and

anticipated that typical, unsophisticated debtors may be equally, if not

more, apt to lodge oral disputes and not resort to the written word.

Nevertheless, the court below approved Debt Collector's alteration of the

required validation disclosure, stating that adherence to Congress's handiwork would be "absurd" and adopting a now-discredited Third Circuit opinion that concluded that following the statutory language would create an "incoherent" result.

The Third Circuit opinion that the court below embraced found no utility within the FDCPA for oral disputes and therefore condoned a debt collector's abandonment of the § 1692g(a)(3) disclosure. Several years later, the Ninth Circuit exposed the error of the Third Circuit's reasoning by detailing the instances within the FDCPA where Congress gave effect to oral disputes. Since the issuance of the Ninth Circuit's authoritative opinion showing the explicit role of oral disputes within the FDCPA and thus explaining Congress's purpose for requiring the § 1692g(a)(3) disclosure, no court that has reviewed or analyzed the issue has followed the Third Circuit's myopic reasoning. The court below failed to acknowledge the unbroken string of federal court opinions refusing to follow the Third Circuit opinion and even ignored the contrary Ninth Circuit precedent, and as a result its error is patent.

# VII.     ARGUMENT

## A. Standard of Review

This Court reviews *de novo* the district court's dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 221 (2d Cir. 2012).

## B. The Plain Language of § 1692g(a)(3) Does Not Include a Writing Requirement or Preclude an Oral Dispute

"The starting point for our interpretation of a statute is always its language. Thus, absent a clearly expressed legislative intention to the contrary, the language used must ordinarily be regarded as conclusive." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 26 (2d Cir. 1989) (internal quotations, citations, and ellipses omitted). Section 1692g(a)(3) mandates that a debt collector provide to all consumers the following as part of its initial disclosure requirement:

> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

Nowhere in this provision do the words "in writing" or "written" or any other words connoting a writing requirement appear. On its face, the provision does not specify in what form the consumer may dispute the validity of the debt. The provision does not require a written dispute over

6

an oral dispute or, indeed, an oral dispute over a written dispute. The provision simply states that the consumer must dispute the validity of the debt within thirty days or else the debt collector will assume the debt is valid. Thus, based on the text alone, the conclusion of the district court – that a writing requirement should be read into the statute – cannot be supported.

The statutory language here is clear on its face and does not restrict consumers to written disputes or preclude oral disputes. Debt Collector's motion to dismiss this claim should have been denied on this basis. "In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475, 112 S.Ct. 2589 (1992).

The decision below is also at odds with binding FDCPA principles established by this Court. A validation notice that, as here, is incomplete or misstates any of § 1692g(a)'s enumerated disclosures is *ipso facto* a violation of the Act: "A debt collector violates the Act if it fails to convey the information required by the Act." *DeSantis v. Computer Credit, Inc*.,

7

269 F.3d 159, 161 (2d Cir. 2001). Indeed, this Court's summary of the

disclosures required by § 1692g(a) in *Jacobson v. Healthcare Financial*

*Services, Inc.*, 516 F.3d 85 (2008), omitted the writing limitation in

§ 1692g(a)(3) that the court below adopted:

> Section 1692g(a) orders the debt collector to send a written notice,
> within five days of its initial communication with the consumer,
> stating the amount of the debt and the name of the creditor to whom
> the debt is owed, 15 U.S.C. §§ 1692g(a)(1) & (2). **This validation
> notice must further include "a statement that unless the
> consumer, within thirty days after receipt of the notice, disputes
> the validity of the debt, or any portion thereof, the debt will be
> assumed to be valid by the debt collector." *Id.* § 1692g(a)(3).** The
> notice must incorporate "a statement that if the consumer notifies the
> debt collector in writing within the thirty-day period that the debt, or
> any portion thereof, is disputed, the debt collector will obtain
> verification of the debt." *Id.* § 1692g(a)(4). Finally, the notice must
> contain "a statement that, upon the consumer's written request within
> the thirty-day period, the debt collector will provide the consumer
> with the name and address of the original creditor, if different from
> the current creditor." *Id.* § 1692g(a)(5).

516 F.3d at 90 (emphasis added).

Instead of following the plain language of the Act and this Court's

precedents, the court below relied on *Graziano v. Harrison*, 950 F.2d 107

(3d Cir. 1991), where the Third Circuit inserted an "in writing"

requirement into § 1692g(a)(3) because of its belief that an oral dispute

under the FDCPA was counterproductive. 950 F.3d at 111-12. Curiously,

the district court overlooked the contrary Ninth Circuit decision in *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005). There the Ninth Circuit, after examining the subsection and its role within the Act as a whole, concluded that the plain language of § 1692g(a)(3) allowing an oral dispute reflected precisely what Congress intended and therefore refused to follow *Graziano*.

The *Camacho* court considered a debt collection letter which read: "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." The district court in *Camacho* had rejected the debt collector's argument based on *Graziano* that § 1692g(a)(3) implicitly requires disputes to be in writing because only written disputes can offer the other protections afforded by the FDCPA. It ruled that the plain meaning of § 1692g(a)(3) did not require that disputes be in writing and that adherence to the statutory language did not undermine the purpose or destroy the coherence of the statute.

The Ninth Circuit stated the following in affirming that decision:

A statute need not contain parallel language in all of its subsections in order to be internally consistent. Rather, where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion. If Congress had intended to impose a writing requirement in § 1692g(a)(3), it could have done so in the subsection itself, as it did in the later subsections of § 1692g(a). As in *Lamie* [*v. U. S. Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004)], the plain language of the text of § 1692g(a)(3) does not state that the consumer must dispute the debt in writing, and where the disposition required by the text is not absurd, we must enforce the statute according to its terms.

Further, the plain meaning of subsection (a)(3) does not lead to absurd results because an oral dispute triggers multiple statutory protections. We thus disagree with the Third Circuit in *Graziano,* which found it absurd that an oral dispute could rebut the presumption of validity but not trigger the verification requirement under § 1692g(a)(4), or the identification requirement under § 1692g(a)(5). *Graziano's* determination that permitting an oral dispute would render the system "incoherent," failed to consider those FDCPA rights that are triggered by an oral dispute.

Oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute. 15 U.S.C. § 1692e(8); *Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998). Additionally, if a consumer owes multiple debts and makes a payment, the debt collector is prohibited from applying such payment to a debt which is in dispute, 15 U.S.C. § 1692h. Moreover, a debtor's oral notification to a debt collector entitles a debtor to relief under § 1692c(a)(1), which bars communication with a debtor at "a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1); *Fox v.*

*Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516, 1516 n. 10 (9th Cir. 1994) (finding debt collector could be liable under § 1692c(a)(1) for contacting debtor at work after consumer orally informed collector not to do so).

While there is much to be said for the *Graziano* court's conclusion that policy considerations weigh in favor of its interpretation, under *Lamie,* we can only insert language into a statute if the result of the statute's plain meaning is absurd. Because we conclude that the FDCPA's statutory scheme, which assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing, is not absurd, we are not at liberty to insert any additional language.

*Id.* at 1081-82 (some internal citations and quotation marks omitted).

Since *Camacho* was decided in December 2005, every court that has analyzed the issue has agreed with the Ninth Circuit's holding and has rejected the reasoning of *Graziano*. For example, *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, *LPA,* 464 F.Supp.2d 720 (N.D.Ohio 2006), examining both *Graziano* and *Camacho*, held:

Defendants herein assert that the Ninth Circuit decision is a "rogue" opinion, not followed by any circuit court. Nevertheless, this Court has not found any court that has disagreed with *Camacho*. In fact, the two district court decisions issued subsequent to *Camacho* have agreed with it and rejected *Graziano*. *Baez v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273 (S.D.Fla. 2006) and *Turner v. Shenandoah Legal Group, P.C.*, 2006 WL 1685698 (E.D.Va. June 12, 2006). It should also be recognized that *Camacho* was decided recently on December 12, 2005.

This Court agrees with the majority of the district courts which have rejected *Graziano*, and it agrees with and adopts the reasoning of the Ninth Circuit in *Camacho*. The plain meaning of the statute is clear and unambiguous; subsection (a)(3) does not impose a writing requirement on consumers. Accordingly, this Court will not insert a writing requirement into the statute. This Court agrees with the Ninth Circuit that the plain meaning of the statute is neither absurd in its result nor contrary to legislative intent. For this reason, defendants' form validation notice violates the FDCPA in so far as it states that disputes must be made in writing.

*Id*. at 725 (footnote omitted).[2]

Similarly, in *Register v. Reiner, Reiner & Bendett, P.C.*, 488 F. Supp.2d 143 (D. Conn. 2007), the court stated:

Although [debt collector] is correct that the Second Circuit has not spoken to this issue, a number of district courts in this Circuit have held that "subsection (a)(3) does not require a consumer to write to the collection agency to dispute the validity of the debt." *Vega v. Credit Bureau Enterprises,* No. 02-CIV-1550, 2005 WL 711657 at *8 (E.D.N.Y. Mar. 29, 2005) (citing cases district court decisions from the Second Circuit); *see also Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1081-82 (9th Cir. 2005) (disagreeing with *Graziano* and holding that consumers can orally dispute their debts under § 1692g(a)(3)); *cf. Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 66-67 (1st Cir. 1998) (finding Congressional omission of a writing requirement in section 1692e(8) to be intentional where Congress explicitly imposed a writing requirement in other sections of the FDCPA). The Court finds the logic of these district courts persuasive. Congress acted intentionally when it did not limit the type of dispute contemplated by section § 1692g(a)(3) to a written

---

[2] The subsequent appeals in *Jerman* did not concern the subsection (a)(3) issue. See *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA,* ---U.S. ----, 130 S. Ct. 1605, 1610 nn.2 and 3 (2010).

notice, just as Congress acted intentionally when it did impose written requirements in sections (a)(4), (a)(5), and 1692g(b). *See Ong v. American Collection Enterprise, Inc.*, No. 98-CV-5117, 1999 WL 51816 at *2-4 (E.D.N.Y. Jan. 15, 1999). Therefore, the Court finds that [debt collector's] letter violated section § 1692g(a)(3) by requiring [the consumer] to submit any dispute to his debt in writing.

*Id.* at 147.

During the fourteen years after *Graziano* was decided in 1991 and before *Camacho* in December 2005, the vast majority of district courts were still able to recognize the flaw in the Third Circuit's opinion and refused to follow *Graziano*. In *Vega v. Credit Bureau Enterprises*, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), Judge Trager rejected *Graziano's* limitation as contrary both to the Act's plain language and to cogent Congressional intent. *Id. at* *8-9. The court noted that while this Court had not yet decided whether § 1692g(a)(3) requires consumers to dispute the validity of debts in writing, "all district courts within the Second Circuit that have considered the issue concluded that subsection (a)(3) does not require a consumer to write to the collection agency in order to dispute the validity of the debt." *Id. at* *8 (collecting five prior district court cases within the Second Circuit); *see also Chung v. National Check Bureau, Inc*., 2005 WL 1541030, *3 (S.D.Ind. June 30, 2005) (collecting cases and

13

rejecting *Graziano:* "The weight of authority from other jurisdictions supports the court's conclusion"); *Sanchez v. Weiss*, 173 F.Supp.2d 1029, 1034 (D.Cal. 2001) ("It seems more reasonable to read the statute as requiring the debt collector to further investigate the claim rather than do nothing. This reading of § 1692g(a)(3) would serve two purposes: 1) It would provide an informal red flag to a debt collector so that it might quickly and inexpensively check the validity of the debt without triggering the formal requirements of §§ 1692g(a)(4), (5) and 1692g(b); and 2) it would provide limited protection to debtors upon communicating a non-written dispute."); *Castro v. ARS National Services, Inc.*, 2000 WL 264310, *2 (S.D.N.Y. Mar. 8, 2000) ("just a phone call will do"); *Reed v. Smith, Smith & Smith*, 1995 WL 907764 *2-3 (M.D. La. Feb. 8, 1995); *Ong v. American Collections Enterprise, Inc.*, 1999 WL 51816 *2, 3 (E.D.N.Y. Jan. 15, 1999) ("[I]f a credit agency contacted [debt collector] about the alleged debt in this case, it seems clear that [debt collector] would have to mention that plaintiff disputes the debt, even if plaintiff has only disputed the debt orally"); *Young v. Credit Bureau, Inc.*, 1989 WL 79054 *2 (W.D.N.Y. Jul. 17, 1989) ("the omission of the 'in writing' requirement in subsection (a)(3) appears to be intentional").

The abandonment of *Graziano's* holding on the § 1692g(a)(3) issue is all but complete except of course within the Third Circuit. Research shows that the most recent court to reject *Graziano* and adopt *Camacho* was *Guerrero v. Absolute Collection Service, Inc.* 2011 WL 8183860 (N.D.Ga. Oct. 6, 2011), which stated:

> [T]he weight of the authority from the district courts shows that § 1692g(a)(3) of the FDCPA should be interpreted to allow consumers to dispute the validity of their debts in ways other than writing. There is no similar recent trend of support for the *Graziano* court's position.

*Id.* at *4 (internal citations, quotations, and ellipsis omitted); s*ee also In Re Almodovar,* 2011 WL 381742, * 3 (D.P.R. Feb. 3, 2011):

> [T]he absence of a writing requirement in § 1692g(a)(3) and the presence of a writing requirement in the two subsequent subsections, indicates that Congress intended to give consumers the right to dispute debts orally. Such a scheme seems not only coherent, but progressive, and perhaps intended to benefit undereducated or handicapped consumers who are unable to communicate in writing. For these reasons and the other reasons enunciated by the court in *Camacho*, this Court concurs with the Ninth Circuit.

## C. Congress Purposefully Omitted
## a Writing Requirement in § 1692g(a)(3)

FDCPA §§ 1692g(a)(3)-(5) state in full as follows:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

****

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Only subsections (4) and (5) include a writing requirement, while subsection (3) in unmistakable contrast does not.

Congress did not restrict § 1692g(a)(3) to written disputes for good reasons. While the majority of the population may be marginally or fully

16

capable of drafting a dispute letter, a significant minority of the adult American[3] as well as the New York population[4] unfortunately does not have that capacity, for lack of either literacy or English language skills. *See* White and Mansfield, *Literacy and Contract*, 13 Stanford Law and Policy Rev. 233, 235-42 (2002) (discussing consumer literacy statistics and performance levels).

Congress understood that restricting disputes to writing would naturally lead to fewer consumers disputing the validity of debts, a result which would cause fewer consumers to be able to take advantage of the protections afforded by, for example, § 1692e(8) (which helps to protect a consumer's credit history) or § 1692h (which requires that a consumer's payment be applied only to debts that the consumer does not dispute). Congress chose to protect the "least sophisticated consumer"[5] from a documented list of harms resulting from collection abuses (see 15 U.S.C.

---

[3] Literacy statistics are available at http://nces.ed.gov/NAAL/kf_demographics.asp (last visited Nov. 7, 2012).

[4] New York Statistics appear at http://www.lvanys.org/ (last visited Nov. 7, 2012)

[5] *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

§ 1692). Judicially restricting core rights such as provided by **§** 1692g(a)(3) to consumers who are able to submit written dispute runs afoul of that goal.[6]

As discussed above, the one exception to the fundamental rule that the plain words of a statute must be given effect is when an application of the plain words would lead to an absurd result: "It is well established that, when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Lamie,* 540 U.S. at 534. The court below explained its rationale for its ruling: "While it is true that the words 'in writing' do not appear within § 1692g(a)(3) itself, Plaintiffs' proposed reading of this section would produce an absurd result in light of the language that immediately follows in § 1692g(a)(4)." JA 35. Citing *Graziano,* the district court then opined on "the incoherent result that would flow from Plaintiffs' segmented reading of these sections." (internal quotations omitted). JA 36.

---

[6] "When determining whether § 1692g has been violated, an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector, is applied." *Russell v. Equifax A.R.S.* 74 F.3d 30, 34 (2d Cir. 1996) (citations omitted).

Applying the plain language of the Act with subsection (a)(3)'s absence of a writing requirement does not lead to an absurd or incoherent result, as fully shown above. Rather, the plain language produces affirmative consumer protections that squarely fit into the FDCPA. Indeed, it is the decision below that undermines this carefully crafted law that the Supreme Court has described as "a comprehensive and complex federal statute." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* ---U.S.----, 130 S.Ct. 1605, 1615 (2010). In any event, paraphrasing an early FDCPA opinion from this Court, "even if there were little discernible purpose in allowing disputes to be made orally as well as in writing, Congress could exercise its legislative judgment to adopt a reasonable margin of safety to insure its remedial goal. We are not at liberty to substitute a view different from that expressed by Congress in the legislative enactment." *Pipiles*, 886 F.2d at 27.

### D. This Court Has Not Considered Whether § 1692g(a)(3) Imposes A Writing Requirement

As an alternative rationale for its decision in finding a writing requirement in subsection (a)(3), the court below relied on the mistaken belief that "the Court of Appeals for the Second Circuit has approved this reasoning" in *Graziano* regarding the purported "incoherent" result. JA 36. The court below cited as authority for its proposition *Miller v. Wolpoff & Abramson, LLP*., 321 F.3d 292 (2d Cir. 2003).

*Graziano* was mentioned in *Miller* only once, and then only for the uncontroversial and unrelated principle that a verification notice which contains language that overshadows or contradicts other language informing consumers of their rights violates the Act. *Miller*, 321 F.3d at 309. In fact, the debt collection letter in *Miller*, unlike the letter at issue here, did not impose *Graziano's* putative subsection (a)(3) writing limitation. Instead, it faithfully stated the subsection (a)(3) disclosure without a writing or any other restriction: "unless a consumer, within thirty (30) days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office." 321 F.3d at 297. This Court was therefore clearly not enunciating in *Miller*

20

the legal principle that a dispute of the validity of a debt must be made in writing under subsection (a)(3). The court below erred in relying on *Miller* to engraft a writing requirement on subsection (a)(3).

The court below also relied on this Court's decision in *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130 (2d Cir. 2010), to support its alteration of the plain text of subsection (a)(3). *Ellis* had nothing to do with subsection (a)(3); indeed, the subsection (a)(3) disclosure in the collection letter in *Ellis,* as in *Miller,* tracked subsection (a)(3)'s text and did not impose a writing requirement. The court below accordingly also erred in relying on *Ellis* for its decision.

Finally, the district court here also mistakenly relied on the district court's decision in *Sarno v. Midland Credit Management, Inc*., 2011 WL 349974 (S.D.N.Y.), *aff'd*, 435 Fed.Appx. 44 (2d Cir. 2011). The court below erroneously asserted that *Sarno* assumed "as valid a FDCPA validation notice stating: 'unless you notify [debt collector] in writing within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, [debt collector] will assume this debt to be valid.'" JA 37. However, *Sarno* was addressing only the subsection (a)(4) requirement that, of course, does require a written

dispute. The *Sarno* letter is an attachment to the complaint in that action and reveals that it also faithfully repeated the § 1692g(a)(3) disclosure without any writing restriction: "Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid." 1:10-cv-04704-WHP (S.D.N.Y.), Dckt. No. 1 at 9. *Sarno* did not concern a writing or any other requirement under subsection (a)(3). As a result, the subsequent appeal to this Court necessarily did not concern subsection (a)(3) either.

The district court's conclusion that "[a]ccordingly, it appears clear that the law in this Circuit requires that Sections 1692g(a)(3) and 1692g(a)(4) be read together in constituting a writing requirement entirely consistent with the Notice at issue in this case" (JA 37) is therefore not supportable.

## E. Judicial Amendment of the Plain Language
## of the FDCPA is Impermissible

Thirty-two years ago the Supreme Court stated in the context of the Consumer Credit Protection Act (of which the FDCPA forms a part) that the judiciary is ill equipped to substitute its judgment through statutory interpretation for the legislative decisions made by Congress: "Judges are not accredited to supersede Congress or the appropriate agency by embellishing upon the regulatory scheme." *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 565 (1980). The wisdom of this admonition and the danger of that judicial activism are illustrated here. People generally tend to use the telephone rather than write, particularly when encouraged to do so by debt collection letters which, as here, display telephone numbers for a return call. And the adverse effect of the decision below is particularly pronounced here since it eliminates significant protections that Congress adopted for the benefit of the "least sophisticated consumer" and other putative consumer debtors who may be quite challenged by – and in fact may be incapable of – composing any written communication.

Because the language of § 1692g(a)(3) is plain and free from ambiguity and because application of its plain words does not produce an

absurd result, the following teaching of this Court provides a concise and appropriate reply to the decision below: "Because we find no ambiguity or other indication that Congress intended [§ 1692g(a)(3)] to mean other than what it plainly says, we decline [Debt Collector's] invitation to rewrite the statute." *Cervantes-Ascencio v. U. S. I.N.S.*, 326 F.3d 83, 86 (2d Cir. 2003).

## VIII.    <u>CONCLUSION</u>

For the foregoing reasons, the judgment below should be reversed, with costs of appeal awarded to Consumers, and this matter remanded for further proceedings on the merits.

Dated: November 14, 2012.

Respectfully submitted,

_____ /s/ Novlette R. Kidd
Novlette R. Kidd
FAGENSON & PUGLISI
450 Seventh Avenue, Suite 704
New York, New York 101123
(212) 268-2128
Nkidd@fagensonpuglisi.com

Richard J. Rubin
1300 Canyon Road
Santa Fe, New Mexico 87501
(505) 983-4418
DickRubin@cs.com

Joanne S. Faulkner
123 Avon Street
New Haven, Connecticut 06511
(203) 772-0395
Faulknerlawoffice@snet.net

Attorneys for Plaintiffs-Appellants
Karen Hooks and Geraldine Moore

CERTIFICATE OF COMPLIANCE
Fed. R. App. P. 32(a)(7)(B) and (C)

1.  The undersigned hereby certifies that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,191 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in font size 14, Times New Roman.

Dated: November 14, 2012.


　　　　/s/ Novlette R. Kidd
　　　　　Novlette R. Kidd

**APPENDIX**

i

# TABLE OF CONTENTS

**Page**

Docket Entries................................................................. A-1

First Amended Class Action Complaint, dated
    September 15, 2011 ................................................ A-8

    Exhibit 1 to First Amended Class Action
    Complaint –
    Letter from William L. Waldman to Geraldine
    Moore and Karen Hooks, dated April 5, 2011 ...... A-21

    Exhibit 2 to First Amended Class Action
    Complaint –
    Letter from Dan Luke to Concetta Puglisi, dated
    June 24, 2010 ........................................................ A-26

Notice of Motion, by Defendants, for an Order
    Dismissing All Claims, dated October 3, 2011 ...... A-27

Memorandum Decision and Order of the Honorable
    Loretta A. Preska, dated August 13, 2012,
    Appealed From ....................................................... A-28

Judgment, dated August 15, 2012, Appealed From ... A-48

Notice of Appeal, dated September 11, 2012 ............ A-49

CLOSED, APPEAL, ECF

## U.S. District Court
### Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:11-cv-02767-LAP

Hooks et al v. Forman, Holt, Elaides & Ravin, LLC et al
Assigned to: Judge Loretta A. Preska
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 04/22/2011
Date Terminated: 08/15/2012
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**
**Karen Hooks**
*on behalf of themselves individually and*
*all others similarly situated*

represented by **Novlette Rosemarie Kidd**
Fagenson & Puglisi
450 Seventh Avenue
New York, NY 10123
(212)-268-2128
Fax: (212)-268-2127
Email: nkidd@fagensonpuglisi.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Geraldine Moore**
*on behalf of themselves individually and*
*all others similarly situated*

represented by **Novlette Rosemarie Kidd**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Forman, Holt, Elaides & Ravin, LLC**

represented by **Steven A. Asher**
Weinstein Kitchenoff & Asher LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 299-2000
Fax: (215)-545-6535
Email: asher@wka-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Haym Weinstein**
Weinstein Kitchenoff & Asher LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 545-7200
Fax: (215) 545-6535
Email: weinstein@wka-law.com
*PRO HAC VICE*

A-2

*ATTORNEY TO BE NOTICED*

**Leila E Ely**
Weinstein Kitchenoff & Asher LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 545-7200
Fax: (215) 545-6535
Email: ely@wka-law.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**William L. Waldman**                    represented by **Steven A. Asher**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **David Haym Weinstein**
                                          (See above for address)
                                          *PRO HAC VICE*
                                          *ATTORNEY TO BE NOTICED*

                                          **Leila E Ely**
                                          (See above for address)
                                          *PRO HAC VICE*
                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/22/2011 | 1 | COMPLAINT against Forman, Holt, Elaides & Ravin, LLC, William L. Waldman. (Filing Fee $ 350.00, Receipt Number 464401004880)Document filed by Karen Hooks, Geraldine Moore.(rdz) (ama). (Entered: 04/25/2011) |
| 04/22/2011 | | SUMMONS ISSUED as to Forman, Holt, Elaides & Ravin, LLC, William L. Waldman. (rdz) (Entered: 04/25/2011) |
| 04/22/2011 | | Magistrate Judge Kevin Nathaniel Fox is so designated. (rdz) (Entered: 04/25/2011) |
| 04/22/2011 | | Case Designated ECF. (rdz) (Entered: 04/25/2011) |
| 07/01/2011 | 2 | Initial Scheduling Conference Notice and Order, that counsel for all parties are directed to confer regarding an agreed scheduling order pursuant to Fed. R. Civ. P. 26(f). If such a consent order is not filed within the time provided, an initial scheduling conference will be held in this matter on July 20, 2011 at 10:00 a.m. in Courtroom 17B at the US. Courthouse, 500 Pearl Street, New York, New York 10007. Additional relief as set forth in this Order. (Signed by Judge Richard J. Holwell on 6/30/11) (pl) (Entered: 07/01/2011) |
| 08/10/2011 | 3 | NOTICE OF APPEARANCE by Steven A. Asher on behalf of Forman, Holt, |

A-3

| | | |
|---|---|---|
| | | Elaides & Ravin, LLC, William L. Waldman (Asher, Steven) (Entered: 08/10/2011) |
| 08/15/2011 | 4 | STIPULATION: that defendants may answer or otherwise respond to Plaintiffs' Complaint on or before September 6, 2011. Forman, Holt, Elaides & Ravin, LLC answer due 9/6/2011; William L. Waldman answer due 9/6/2011. (Signed by Judge Richard J. Holwell on 8/11/2011) (ft) (Entered: 08/15/2011) |
| 08/23/2011 | 5 | MOTION for Leila E. Ely to Appear Pro Hac Vice. Document filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman.(pgu) (Entered: 08/24/2011) |
| 08/23/2011 | 6 | MOTION for David H. Weinstein to Appear Pro Hac Vice. Document filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman.(pgu) (Entered: 08/24/2011) |
| 08/26/2011 | | CASHIERS OFFICE REMARK on 6 Motion to Appear Pro Hac Vice in the amount of $200.00, paid on 08/24/2011, Receipt Number 1014852. (jd) (Entered: 08/26/2011) |
| 08/26/2011 | | CASHIERS OFFICE REMARK on 5 Motion to Appear Pro Hac Vice in the amount of $200.00, paid on 08/24/2011, Receipt Number 1014853. (jd) (Entered: 08/26/2011) |
| 09/08/2011 | 7 | ORDER granting 6 Motion for David H. Weinstein to Appear Pro Hac Vice. David H. Weinstein is admitted pro hac vice as counsel for Forman Holt Eliades & Ravin LLC and William L. Waldman (Signed by Judge Richard J. Holwell on 9/6/2011) (ft) (Entered: 09/08/2011) |
| 09/08/2011 | 8 | ORDER granting 5 Motion for Leila E. Ely to Appear Pro Hac Vice. Leila E. Ely is admitted pro hac vice as counsel for Forman Holt Eliades & Ravin LLC and William L. Waldman. (Signed by Judge Richard J. Holwell on 9/6/2011) (ft) (Entered: 09/08/2011) |
| 09/08/2011 | 9 | ENDORSED LETTER addressed to Judge Richard J. Holwell dated 8/31/2011 re: Counsel for the Defendants writes to request that the Court schedule a pre-motion conference. ENDORSEMENT: Pre-motion conference request granted for 9/8/2011 at 10:00 AM (at same time as the initial conference). (Pre-Motion Conference set for 9/8/2011 at 10:00 AM before Judge Richard J. Holwell.) (Signed by Judge Richard J. Holwell on 9/6/2011) (ab) (Entered: 09/08/2011) |
| 09/08/2011 | | Minute Entry for proceedings held before Judge Richard J. Holwell: Interim Pretrial Conference held on 9/8/2011. Defendant requests to file motion to dismiss or alternative motion to change venue to Jersey; Joint proposed scheduling order by 09/15/11. (Amended Pleadings due by 9/15/2011, Pretrial Conference set for 1/20/2012 at 10:00 AM before Judge Richard J. Holwell.) (ft) (Entered: 09/29/2011) |
| 09/09/2011 | 10 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Forman, Holt, Elaides & Ravin, LLC.(Ely, Leila) (Entered: 09/09/2011) |
| 09/15/2011 | 11 | FIRST AMENDED CLASS ACTION COMPLAINT against Forman, Holt, Elaides & Ravin, LLC, William L. Waldman with JURY DEMAND. |

| | | |
|---|---|---|
| | | Document filed by Karen Hooks, Geraldine Moore.(ft) (Additional attachment(s) added on 9/30/2011: # 1 Amended Complaint Part 2) (ama). (Entered: 09/19/2011) |
| 09/22/2011 | 12 | JOINT SCHEDULING ORDER: Defendants' Rule (12)(b)(6) motion and alternative Motion to Change Venue on or before October 3, 2011. Plaintiffs' Opposition to Defendants' Motion on or before November 4, 2011. Defendants' Reply in Support of their Motion on or before November 18, 2011. Amended Pleadings due by 9/15/2011. Joinder of Parties due by 10/21/2011. Dispositive Motions due by 2/10/2012. Responses due by 11/4/2011 Replies due by 11/18/2011. Expert Discovery due by 1/13/2012. Fact discovery due by 1/13/2012. Pretrial Conference set for 1/20/2012 at 10:00 AM before Judge Richard J. Holwell. Dispositive motions by plaintiffs on or before January 27, 2012. Final Pretrial Order due by 2/10/2012. A jury trial is requested. The probable length of trial is 2 days. Ready for Trial by 4/1/2012. The parties to not consent to proceed before a Magistrate Judge. (Signed by Judge Richard J. Holwell on 9/21/2011) (djc) (Entered: 09/22/2011) |
| 10/03/2011 | 13 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Dismiss *Notice of, with Certificate of Service.*( Responses due by 11/4/2011), MOTION to Change Venue *Alternative Motion.* Document filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman. (Attachments: # 1 Affidavit Declaration of Charles M. Forman, # 2 Memorandum of Law)(Weinstein, David) Modified on 10/4/2011 (ldi). (Entered: 10/03/2011) |
| 10/03/2011 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney David Haym Weinstein to RE-FILE Document 13 MOTION to Dismiss *Notice of, with Certificate of Service.* MOTION to Change Venue *Alternative Motion.* ERROR(S): Supporting documents must be filed separately, each receiving their own document number. Declaration in Support of Motion and Memorandum of Law in Support of Motion are both found under the event list Replies, Opposition and Supporting Documents. (ldi) (Entered: 10/04/2011) |
| 10/04/2011 | 14 | MOTION to Dismiss *Notice of, with Certificate of Service.*( Responses due by 11/4/2011), MOTION to Change Venue *Alternative Motion.* Document filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman.(Weinstein, David) (Entered: 10/04/2011) |
| 10/04/2011 | 15 | DECLARATION of Charles M. Forman in Support re: 14 MOTION to Dismiss *Notice of, with Certificate of Service.* MOTION to Change Venue *Alternative Motion..* Document filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman. (Weinstein, David) (Entered: 10/04/2011) |
| 10/04/2011 | 16 | MEMORANDUM OF LAW in Support re: 14 MOTION to Dismiss *Notice of, with Certificate of Service.* MOTION to Change Venue *Alternative Motion..* Document filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman. (Weinstein, David) (Entered: 10/04/2011) |
| 11/04/2011 | 17 | AFFIDAVIT of KAREN HOOKS in Opposition re: 14 MOTION to Dismiss *Notice of, with Certificate of Service.* MOTION to Change Venue *Alternative Motion..* Document filed by Karen Hooks, Geraldine Moore. (Kidd, Novlette) |

| | | |
|---|---|---|
| | | (Entered: 11/04/2011) |
| 11/04/2011 | 18 | MEMORANDUM OF LAW in Opposition re: 14 MOTION to Dismiss *Notice of, with Certificate of Service*. MOTION to Change Venue *Alternative Motion..* Document filed by Karen Hooks, Geraldine Moore. (Kidd, Novlette) (Entered: 11/04/2011) |
| 11/15/2011 | 19 | REPLY MEMORANDUM OF LAW in Support re: 14 MOTION to Dismiss *Notice of, with Certificate of Service*. MOTION to Change Venue *Alternative Motion. With Certificate of Service*. Document filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman. (Weinstein, David) (Entered: 11/15/2011) |
| 11/29/2011 | 20 | SCHEDULING ORDER: The parties in this matter are directed to appear for oral argument regarding defendants' motion to dismiss or change venue 14 on Wednesday, 12/28/2011, at 2:30 P.M. in the Courtroom of the Hon. Judge Richard J. Holwell, Courtroom 17B, 500 Pearl Street, New York, New York 10007. (Signed by Judge Richard J. Holwell on 11/26/2011) (ft) (Entered: 11/29/2011) |
| 02/28/2012 | | MEMORANDUM TO THE DOCKET CLERK: REMINDER : The conference scheduled for [3-2-2012] at [10:30a.m.] "is adjourned sine die." Before the Honorable: Richard J. Holwell U.S.D.J. in courtroom 17-B 500 Pearl Street NYC. Due to the Judges Retirement. All conferences are being rescheduled and an alternate conference date will be set in the near future. Any problems please fax request to chambers : - FAX : ( 212 805- 7948 ) Any problems please use e-mail : William Donald This my e-mail address - William_Donald@nysd.uscourts.gov Courtroom Deputy - 212 805- 0122. (tro) (Entered: 02/29/2012) |
| 03/14/2012 | | MEMORANDUM TO THE DOCKET CLERK: REMINDER : The conference scheduled for [04/06/2012] at [3:00 p.m.] "is adjourned sine die." Before the Honorable: Richard J. Holwell U.S.D.J. in courtroom 17-B 500 Pearl Street NYC. Due to the Judges Retirement. All conferences are being rescheduled and an alternate conference date will be set in the near future. Any problems please fax request to chambers : - FAX : ( 212 805- 7948 ) Any problems please use e-mail : William Donald This my e-mail address - William_Donald@nysd.uscourts.gov Courtroom Deputy - 212 805- 0122. (mro) (Entered: 03/15/2012) |
| 04/13/2012 | 21 | NOTICE OF CASE REASSIGNMENT to Judge Loretta A. Preska. Judge Richard J. Holwell is no longer assigned to the case. (pgu) (Entered: 04/13/2012) |
| 04/20/2012 | | ***NOTE TO ATTORNEY TO E-MAIL PDF.** Note to Attorney Novlette Rosemarie Kidd for noncompliance with Section 14.3 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Complaint to: caseopenings@nysd.uscourts.gov. (rjm) (Entered: 04/20/2012) |
| 04/25/2012 | 22 | ENDORSED LETTER addressed to Judge Loretta A. Preska from David H. Weinstein dated 4/18/2012 re: I respectfully request that Your Honor review the defendants' motion to dismiss or change venue, which has been pending |

| | | |
|---|---|---|
| | | before the Court since October 3, 2011. ENDORSEMENT: If the Court determines that oral argument would be of assistance, counsel will be notified. (Signed by Judge Loretta A. Preska on 4/24/2012) (lmb) (Entered: 04/25/2012) |
| 08/13/2012 | 23 | MEMORANDUM & ORDER granting 14 Motion to Dismiss: For the foregoing reasons, Defendants' motion to dismiss these claims [dkt. no. 14] is GRANTED in its entirety and with prejudice. Accordingly, the Court does not reach the secondary issues of venue transfer pursuant to 28 U.S.C. § 1404(a) or class certification pursuant to Fed. R. Civ. P. 23(b) (3). The Clerk shall mark this action closed and any other pending motions denied as moot. (Signed by Judge Loretta A. Preska on 8/13/2012) (djc) (Entered: 08/13/2012) |
| 08/13/2012 | | Transmission to Judgments and Orders Clerk. Transmitted re: 23 Order on Motion to Dismiss, to the Judgments and Orders Clerk. (djc) (Entered: 08/13/2012) |
| 08/15/2012 | 24 | CLERK'S JUDGMENT That for the reasons stated in the Court's Memorandum and Order dated August 13, 2012, Defendants motion to dismiss these claims is granted in its entirety and with prejudice; the Court does not reach the secondary issues of venue transfer pursuant to 28 U.S.C. § 1404(a) or class certification pursuant to Fed. R. Civ. P. 23(b) (3); accordingly, the case is closed and any other pending motions denied as moot. (Signed by Clerk of Court Ruby Krajick on 8/15/12) (Attachments: # 1 notice of right to appeal) (ml) (Entered: 08/15/2012) |
| 09/11/2012 | 25 | NOTICE OF APPEAL from 23 Order on Motion to Dismiss, 24 Clerk's Judgment. Document filed by Karen Hooks, Geraldine Moore. Filing fee $ 455.00, receipt number 465401048202. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (tp) (Entered: 09/12/2012) |
| 09/12/2012 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 25 Notice of Appeal. (tp) (Entered: 09/12/2012) |
| 09/12/2012 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 10 Rule 7.1 Corporate Disclosure Statement filed by Forman, Holt, Elaides & Ravin, LLC, 2 Order for Initial Pretrial Conference, 25 Notice of Appeal, filed by Geraldine Moore, Karen Hooks, 1 Complaint filed by Geraldine Moore, Karen Hooks, 22 Endorsed Letter, 11 Amended Complaint, filed by Geraldine Moore, Karen Hooks, 13 MOTION to Dismiss *Notice of, with Certificate of Service*. MOTION to Change Venue *Alternative Motion* filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman, 23 Order on Motion to Dismiss, 9 Endorsed Letter, Set Hearings, 18 Memorandum of Law in Opposition to Motion filed by Geraldine Moore, Karen Hooks, 6 MOTION for David H. Weinstein to Appear Pro Hac Vice filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman, 4 Stipulation and Order, Set Deadlines, 5 MOTION for Leila E. Ely to Appear Pro Hac Vice filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman, 7 Order on Motion to Appear Pro Hac Vice, 19 Reply Memorandum of Law in Support of Motion, filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman, 8 Order on Motion to Appear Pro Hac Vice, 14 MOTION to Dismiss *Notice of, with Certificate of Service*. MOTION to Change Venue *Alternative Motion* filed by Forman, Holt, Elaides & Ravin, |

LLC, William L. Waldman, 21 Notice of Case Assignment/Reassignment, 16 Memorandum of Law in Support of Motion filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman, 15 Declaration in Support of Motion, filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman, 24 Clerk's Judgment, 17 Affidavit in Opposition to Motion filed by Geraldine Moore, Karen Hooks, 12 Scheduling Order, 20 Scheduling Order, 3 Notice of Appearance filed by Forman, Holt, Elaides & Ravin, LLC, William L. Waldman were transmitted to the U.S. Court of Appeals. (tp) (Entered: 09/12/2012)

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 11/08/2012 17:30:10 | | |
| PACER Login: | fp0939 | Client Code: |  |
| Description: | Docket Report | Search Criteria: | 1:11-cv-02767-LAP |
| Billable Pages: | 5 | Cost: | 0.50 |

Case 1:11-cv-02767-LAP   Document 11   Filed 09/15/11   Page 1 of 12



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ECF CASE**

——————————————————X   Case No: 11-CV-2767-RJH

KAREN HOOKS and GERALDINE MOORE, on
behalf of themselves individually and all others
similarly situated

                           **Plaintiffs,**

           **-against-**

FORMAN, HOLT, ELIADES & RAVIN, LLC. and
WILLIAM L. WALDMAN

                        **Defendants.**

——————————————————X

**FIRST AMENDED**
**CLASS ACTION**
**COMPLAINT**

RECEIVED
SEP 1 5 2011
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, by and through their attorneys, FAGENSON & PUGLISI, upon

knowledge as to themselves and their own acts, and as to all other matters upon

information and belief, bring this complaint against the above-named defendants and in

support thereof allege the following:

## INTRODUCTION

1.      This is an action brought by individual consumers and on behalf of

a class for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive,

deceptive and unfair acts and practices. This action is also brought pursuant to New

York General Business Law ("NYGBL") §349 regarding defendants' deceptive acts and

practices.

## PARTIES

2.      Plaintiffs are natural persons who reside in this District and are

consumers as defined by the FDCPA, §1692a(3).

3.     Upon information and belief, first-named defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). First-named defendant is a limited liability company law firm with two offices in New York, one office in New Jersey and one office in Pennsylvania. First-named defendant uses the mail and litigation to collect defaulted consumer debt owed or due or alleged to be owed or due to others. First-named defendant regularly collects or attempts to collect such consumer debts, in that in the year preceding the filing of the complaint, it sent several thousand letters to consumers similar to the letter attached hereto as Exhibit "1". First-named defendant maintains a consumer debt collection practice. At the time of the mailing of Exhibit "1", first-named defendant maintained an on-going professional relationship with Wyndham Vacation Resorts, Inc., and a large portion of its work for Wyndham involved collecting on defaulted residential timeshare notes first, through letter mailings, and then through litigation.  The second-named defendant is a partner, associate, officer or employee of the first-named defendant and is the individual who actually wrote the letter sent to plaintiffs. Both defendants shall hereafter be referred to as "defendant".

## JURISDICTION AND VENUE

4.     This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1391(b)(2). A substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District. Supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

5.    That plaintiffs re-allege paragraphs 1 to 4 as if fully re-stated herein.

6.    That at a time within the knowledge of defendant, defendant began collecting a consumer debt allegedly incurred by plaintiffs for personal purposes to Wyndham. Said debt was a residential mortgage loan incurred for the personal purpose of use as a vacation timeshare.

7.    That on or about April 5, 2011 defendant sent collection letters to plaintiffs in an attempt to collect said debt. Similar letters were addressed to both plaintiffs at plaintiff Moore's address in New York, New York. The letters were received by both plaintiffs at Moore's address in New York, New York. At the time of the purchase of the timeshare, both plaintiffs resided in New York, New York and they gave their addresses in New York, New York to Wyndham for the purposes of the purchase. A copy of the letter sent to plaintiff Hooks is attached hereto as Exhibit "1".

8.    That said letter states in pertinent part:

"Unless you notify us in writing within thirty (30) days after receipt of this letter that the debt, or any part of it, is disputed, we will assume that the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you."

Defendant sent no other letter to plaintiffs within 5 days after the said April 5, 2011 letter.

### AS AND FOR A FIRST CAUSE OF ACTION
### FDCPA §1692g(a)(3)

9.    That plaintiffs re-allege paragraphs 1 to 8 as if fully re-stated herein.

10.    That the said letter violates the FDCPA, including but not limited to §1692g(a)(3), in that the letter instructs the consumer to make a dispute in writing to prevent defendant from assuming the validity of the debt. However, the FDCPA does not prescribe that disputes to prevent the assumption of validity must be made in writing only. Such disputes may also be made verbally. The statement in the letter that the dispute must be made in writing is therefore improper and violates the FDCPA.

### AS AND FOR A SECOND CAUSE OF ACTION
### FDCPA §1692g(a)(4)

11.    That plaintiffs re-allege paragraphs 1 to 10 as if fully re-stated herein.

12.    That the above-quoted language in the letter also violates the FDCPA, including but not limited to §1692g(a)(4). That said letter fails to state that, in order for the consumer to obtain verification of a debt from the debt collector, the consumer must make a written dispute or request for verification.

13.    That said letter gives the improper impression to the least sophisticated consumer that a verbal dispute or request for verification will suffice. However, the FDCPA prescribes that a dispute or request for verification of a debt must be made in writing.

14.    That said letter further violates §1692g(a)(4) in as much as the letter fails to state that the dispute must be made within 30 days after the consumer's receipt of the debt collection letter, as prescribed by the FDCPA.

## AS AND FOR A THIRD CAUSE OF ACTION
### FDCPA §1692g(b)

15.     That plaintiffs re-allege paragraphs 1 to 14 as if fully re-stated herein.

16.     That the above-quoted language from defendant's letter violates the FDCPA, including but not limited to §1692g(b) in that, unless the dispute is made in writing and within 30 days after the consumer's receipt of the debt collection letter, defendant is not legally obligated to cease collection of the debt until the verification is provided to the consumer.

## AS AND FOR A FOURTH CAUSE OF ACTION
### FDCPA §§1692e and 1692e(10)

17.     That plaintiffs re-allege paragraphs 1 to 16 as if fully re-stated herein.

18.     That the above-quoted language also constitutes a false representation or a deceptive means to collect or attempt to collect a debt in violation of §§1692e and 1692e(10) in that the language could reasonably lead the least sophisticated consumer to believe, erroneously, that: a) a written dispute is necessary to prevent defendant from assuming the validity of the debt; and b) a verbal dispute made at any time will protect her rights in obtaining verification and a cessation in the attempts to collect the debt in the meantime.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FDCPA §1692c(a)(2)

19.    That plaintiffs re-allege paragraphs 1 to 18 as if fully re-stated herein.

20.    That sometime in the first half of the year 2010, Wyndham wrote to plaintiffs regarding the alleged default on said debt.

21.    That, upon plaintiff Hook's receipt of the said letter from Wyndham, plaintiff conferred with her attorneys at Fagenson & Puglisi, Thereafter, Concetta Puglisi, Esq., of Fagenson & Puglisi sent a letter dated May 27, 2010 to Wyndham, informing Wyndham that Hooks was disputing the consumer debt alleged to be owed by her and that Fagenson & Puglisi represents Hooks. Fagenson & Puglisi also requested in the said letter that Hooks not be contacted directly concerning the debt.

22.    That, by letter dated June 9, 2010, Wyndham wrote to Ms. Puglisi, acknowledging receipt of the dispute letter.

23.    That, by letter dated June 24, 2010 Wyndham again wrote to Ms. Puglisi, enclosing purported verification of the debt. In said letter Wyndham advised Ms. Puglisi that, at her request, Hooks's account had been coded to cease all collection calls. A copy of said letter is attached as Exhibit "2".

24.    That, subsequently, Wyndham assigned defendant the account for collection.

25.    That, on information and belief, at the time Wyndham assigned defendant the account for collection, Wyndham did inform defendant that plaintiff was represented by counsel in the matter of the collection of the debt and that plaintiff disputed the debt.

26.     That, in the alternative, upon the assignment, defendant had an affirmative duty to inquire of Wyndham whether either plaintiff was represented by counsel and whether either plaintiff had disputed the debt with Wyndham prior to the assignment. Defendant failed to fulfill this affirmative duty.

27.     That, notwithstanding defendant's knowledge that Hooks was represented by counsel, defendant sent Exhibit "1" directly to Hooks in an attempt to collect the debt.

28.     That defendant's said letter (Exhibit "1") to Hooks constitutes improper direct contact with Hooks with full knowledge that she is represented by counsel in the matter and is in violation of the FDCPA, §1692c(a)(2).

29.     That for said reason, said letter (Exhibit "1") also violates the FDCPA, §1692e(10), as a false representation or deceptive means used in defendant's attempt to collect a debt.

## AS AND FOR A SIXTH CAUSE OF ACTION
## NYGBL §349

30.     That plaintiff re-allege paragraphs 1 to 29 as if fully re-stated herein.

31.     That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

32.     That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant mails or causes to be mailed to natural persons within New York State each year hundreds of

letters similar to the ones sent to plaintiffs.

33.     That defendant's letter is deceptive and misleading in that the least sophisticated consumer would be lead to believe, erroneously, that the she must dispute the debt in writing in order to prevent defendant from assuming that the debt is valid.

34.     That defendant's letter is deceptive and misleading for the further reason that the least sophisticated consumer would be lead to believe, erroneously, that in order to obtain verification of the debt, she may dispute the debt orally and at any time.

35.     That defendant's letter is deceptive and misleading for the further reason that defendant sent its letter to Hooks, well knowing that she was represented by counsel in the matter.

36.     That plaintiffs suffered anxiety, distress, annoyance, harassment and abuse upon receipt of defendant's letter.

37.     That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiffs under NYGBL §349(h).

## CLASS ALLEGATIONS

38.     That plaintiffs re-allege paragraphs 1-37 as if fully re-stated herein.

39.     That this action is brought on behalf of plaintiffs and the members of a class. The class consists of all persons who defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to plaintiffs dated April 5, 2011 (Exhibit "1"); (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt owed to Wyndham; (c) the collection letter was not returned

A-16

by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4) and 1692g(b).

> The Class shall be defined as follows: *All natural persons to whom were sent by defendant at an address within the United States a notice for the collection of a consumer debt, on behalf of Wyndham Vacation Resorts, Inc. which notice contains the statement "Unless you notify us in writing within thirty (30) days after receipt of this letter that the debt, or any part of it, is disputed, we will assume that the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you."*

The class does not include defendant and any person, firm, trust, corporation or other entity related to or affiliated with defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

> 40.    That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> (A)    Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

> (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

principal question presented by this claim is whether defendant violated the FDCPA by sending collection letters with an improper validation notice, in violation of 15 U.S.C. §§1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4) and 1692g(b).

(C)     The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)     The claims of plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E)     Plaintiffs will fairly and adequately represent the class members' interests. Plaintiffs have retained experienced counsel. Plaintiffs' interests are consistent with those of the members of the class.

41.     That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. §1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of incompatible or varying standards of conduct for defendant and would not be in the interest of judicial economy.

42.     That if the facts are discovered to be appropriate, plaintiffs will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

43.     That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

44.     That as a result of the above violations, defendant is liable to plaintiffs and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiffs respectfully pray that judgment be entered against defendant as follows:

(a)     certifying a class action pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3);

(b)     statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c)     awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(d)     statutory damages pursuant to NYGBL §349 in an amount to be determined at the time of trial;

(e)     enjoining defendant from committing further deceptive acts and practices against plaintiffs pursuant to NYGBL §349;

(f)     reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(g)     for such other and further relief as may be just and proper.

A-19

## DEMAND FOR TRIAL BY JURY

Plaintiffs request trial by jury on all issues so triable.

Dated: New York, New York
September 15, 2011.

*Novlette R. Kidd*

NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Fax:(212)268-2127
Nkidd@fagensonpuglisi.com

# EXHIBIT "1"

# FORMAN HOLT ELIADES & RAVIN LLC
## ATTORNEYS AT LAW

April 5, 2011

Charles M. Forman**
Michael E. Holt**
Daniel M. Eliades*
Stephen B. Ravin**
Erin J. Kennedy**
Joseph M. Cerra**
Kim R. Lynch**
William L. Waldman*
David S. Catuogno***
Harry M. Gutfleish**
Michelle Rosen Silverman*
Kimberly J. Salomon**
Robert H. Johnson**
Dipesh Patel*
Constance N. DeSena**
Matteo Percontino**

OF COUNSEL:
Michael J. Connolly***
Wendy B. Green**
William A. Calandra*

MEMBER NJ & PA BAR*
MEMBER NJ & NY BAR**
MEMBER NJ BAR***

www.formanlaw.com
firm@formanlaw.com

REPLY TO PARAMUS

**VIA CMRRR and First Class Mail**
Geraldine Moore
████████████████
New York, NY 10039

Karen Hooks
████████████████
New York, NY 10039

Re:   Mortgage Loan Default Related to a ████████████ fee simple undivided interest in Units ████████, the ("Mortgaged Property") in Fairfield Atlantic City - Skyline Tower, A Condominium

**NOTICE PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT**

**NOTICE OF INTENTION TO ACCELERATE AND FORECLOSE PURSUANT TO THE NEW JERSEY FAIR FORECLOSURE ACT**

**REQUEST FOR DEED IN LIEU OF FORECLOSURE**

Dear Mr. Moore and Ms. Hooks:

We write to you on behalf of our client, Wyndham Vacation Resorts, Inc., ("Wyndham") in connection with a mortgage loan that is presently held by Wyndham. In particular, Wyndham holds a note and mortgage and other related loan documents (collectively, the "Loan") that you initially executed on or about December 23, 2009 in favor of Wyndham Vacation Resorts, Inc., f/k/a Fairfield Resorts, Inc. in the original principal amount of $████████. The total amount of this debt was $████████ as of March 18, 2011.

You are in default with respect to the Loan due to, among other things, your failure to make monthly payments when due and for your failure to pay all principal, interest and all other sums owing under the Loan for the month of February 6, 2010 and thereafter.

80 Route 4 East, Suite 290
Paramus, NJ 07652
T 201.845.1000
F 201.845.9112

888 7th Ave., Suite 4500
New York, NY 10106
T 212.707.8500
F 212.707.8511

664 Chestnut Ridge Road
Spring Valley, NY 10977
T 845.371.3451
F 845.371.7667

1615 Jackson Street
Philadelphia, PA 19145
T 215.925.7191
F 215.925.7192

Geraldine Moore and Karen Hooks
April 5, 2011
Page 2

The default may be cured by paying within thirty-one (31) days of the date of this letter (the "Cure Date") the amount of $▮▮▮▮▮ plus the per diem interest of $9.822 for each day after April 5, 2011 until full payment is received by Wyndham. Please make your payment to Wyndham Vacation Resorts, Inc. and mail such payment to the following address:

Wyndham Vacation Resorts, Inc.
8427 South Park Circle
Suite 500
Orlando, Florida
Attention: Clara Perez, Inventory Recovery Agent

If you have any questions with respect to this payment, or if you believe that Wyndham has erred in declaring your loan to be in default, or that Wyndham's calculation of the amount required to cure the default is not correct, you may contact Clara Perez at 407-626-6319.

You may also tender a Deed in Lieu of Foreclosure of the Mortgaged Property to Wyndham, which will resolve all claims by Wyndham against you under the Loan. If you so desire to give such a Deed in Lieu of Foreclosure, please contact the undersigned attorney at 201-845-1000.

Please note that if you do not cure your default by making payment as set forth in this letter, on or before the Cure Date, we may initiate a foreclosure litigation proceeding against you in a court of competent jurisdiction. Through such litigation, we would seek to terminate your ownership of the Mortgaged Property.

If you do not cure your default on or before the Cure Date, and we initiate a foreclosure litigation proceeding against you, you will still have an opportunity to cure the default prior to the entry of a foreclosure judgment pursuant to Section 5 of the New Jersey Fair Foreclosure Act.

Under New Jersey law, you may also have certain rights to transfer the Mortgaged Property to another party. However, any such party would take title to the Mortgaged Property subject to our client's existing mortgage loan and the new owner would still need to cure the default as set forth in the New Jersey Fair Foreclosure Act.

If you wish to receive legal advice regarding your default, you are advised to seek an attorney of your own choosing. If you are unable to obtain an attorney, you may contact the New Jersey Bar Association or Lawyer Referral Service in the county in

Geraldine Moore and Karen Hooks
April 5, 2011
Page 3

which the Mortgaged Property is located to discuss a suitable referral.   If you are unable to afford an attorney, you may contact the Legal Services Office in the county in which the Mortgaged Property is located to determine if they can provide you assistance.  A list of these offices and telephone numbers is enclosed.

Please note that there is a possibility that financial assistance may be available to cure the default from programs operated by the State or federal government or non-profit organizations, if any, as identified by the New Jersey Commissioner of Banking.  As set forth in Section 5 of the New Jersey Fair Foreclosure Act, a list of such programs promulgated by the Commissioner is enclosed.

Please be advised that pursuant to the United States Fair Debt Collection Practices Act, we are writing to provide you with the following information with respect to the Loan and its defaulted status.

UNLESS YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID.  IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU.  ALSO UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM WYNDHAM.  THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Wyndham's receipt of any payment in an amount less than the full amount due shall not be construed as an accord and satisfaction or as Wyndham's agreement to accept a lesser amount as payment in full of the amount due.   Wyndham's acceptance of any endorsement or statement on any check evidencing a payment or a letter accompanying a payment shall not be deemed to be an accord and satisfaction, and Wyndham may accept any such payment or check without prejudice to its right to receive the balance of the full amount due or to pursue its rights and remedies.

To our knowledge, Wyndham has not received notice of any pending bankruptcy proceedings affecting the Mortgaged Property or any person or entity obligated to pay the total amount due.   If any party in receipt hereof is a debtor in a bankruptcy proceeding subject to the provisions of the United States Bankruptcy Code (the "Code"), this letter shall then merely be written notice that formal demand has been made on the obligors of the note in compliance with the loan documents and state law.  This letter would therefore not be an act to collect, assess or recover a claim against a debtor in a bankruptcy proceeding, nor is this letter intended to violate any

Geraldine Moore and Karen Hooks
April 5, 2011
Page 4

provision of the Code.  Any claims against a debtor in a bankruptcy proceeding will
be properly asserted in compliance with the Code.

Nothing contained herein is intended as, constitutes or should be construed as, an
election of remedies or a waiver of any of Wyndham's rights or remedies.

Very truly yours,

William L. Waldman

ENCLOSURE

m:\admin\kws\merges\notice of fair debt collection practices act and ffa. revised.doc

# EXHIBIT "2"

**WYNDHAM**
VACATION OWNERSHIP

June 24, 2010

Concetta Puglisi, Esq.
Fagenson & Puglisi
Attorneys at Law
New York, NY 10123

**SENT VIA US POSTAL-49 PAGES**

Re: Karen Hooks
Contract no. ▮▮▮▮▮▮▮

Dear Ms. Puglisi:

The Consumer Affairs department of Wyndham Vacation Ownership received your correspondence on June 8, 2010. Please allow this letter to serve our response.

We regret to hear of any concerns your client may have with their purchase with Wyndham Vacation Resorts.

As you requested please see the enclosed copy of your clients contract no ▮▮▮▮▮▮, we have also included their loan and assessment history concerning their past due balances. In addition, you requested the name and address of the original creditor, Wyndham Vacation Resorts, Inc, a Delaware corporation, whose address is 8427 SouthPark Circle, Orlando, FL 32819.

At your request, Ms. Hook's account has been coded to cease all collection calls. However, she will continue to receive billing statements. Please note your client's contract is a legally binding document and they have no legal right to unilaterally cancel or revoke. Should your client fail to make payments when due your client will be considered in default of their contract and we will proceed accordingly.

Please contact me if you have any additional questions.

Sincerely,

*Dan Luke*

Dan Luke
Specialist
Consumer Affairs Department
Office of the General Counsel
Wyndham Vacation Ownership
407-626-4573 phone new
407-370-5204 fax
daniel.luke@wyndhamvo.com

Wyndham Vacation Ownership, A Wyndham Worldwide Company
www.WyndhamWorldwide.com

cc: file
attachments: copy of contract ▮▮▮▮▮▮▮, loan and assessment history

Wyndham Vacation Resorts, Inc.          (407) 626-5200    oh
8427 SouthPark Circle                   (407) 370-5204    fax
Orlando, FL 32819

A-27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

KAREN HOOKS, *et ano.*,                    NO. 1:11-cv-02767 (RJH)

                Plaintiffs,

       v.                                    **NOTICE OF MOTION**

FORMAN HOLT ELIADES & RAVIN LLC, *et ano.*,

              Defendants.

———————————————————— x

**PLEASE TAKE NOTICE** that upon the annexed declaration of Charles M. For-
man, dated on September 28, 2011, and upon the exhibits attached thereto, the accom-
panying Memorandum of Law in support of this motion, and the pleadings herein, De-
fendants Forman Holt Eliades & Ravin LLC and William L. Waldman will move this
Court, before the Honorable Richard J. Holwell, United States District Judge, for an Or-
der pursuant to Rule 12 of the Federal Rules of Civil Procedure dismissing all of Plain-
tiffs' claims, or, in the alternative, if all of the claims are not dismissed, transferring the
action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

Dated: October 3, 2011                    /s/David H. Weinstein
                                    DAVID H. WEINSTEIN
                                    LEILA E. ELY
                                    WEINSTEIN KITCHENOFF & ASHER LLC
                                    1845 Walnut Street, Suite 1100
                                    Philadelphia, PA  19103
                                    T: (215) 545-7200; F: (215) 545-6535

                                    Attorneys for Defendants

A-28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
KAREN HOOKS and GERALDINE    :
MOORE, et al.,                  :
                              :
         Plaintiffs,     :
                              :
     -against-           :
                              :
FORMAN HOLT ELIADES & RAVIN  :
LLC and WILLIAM W. WALDMAN,  :
                              :
         Defendants.     :
                              :
------------------------------X

11 Civ. 2767 (LAP)

MEMORANDUM & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/12

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiffs Karen Hooks ("Hooks") and Geraldine Moore

("Moore") (collectively, "Plaintiffs") have filed suit against

Forman Holt Eliades & Ravin LLC ("Forman Holt") and William W.

Waldman ("Waldman") (collectively, "Defendants") alleging that

Defendants sent them a mortgage foreclosure notice in the form

of a letter (the "Notice") that violated the federal Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.,

and the New York General Business Law ("NYGBL"), N.Y. Gen. Bus.

§ 349.  Defendants now move pursuant to Fed. R. Civ. P. 12(b) to

dismiss all claims asserted in Plaintiffs' First Amended

Complaint ("Compl.").  In the alternative, Defendants move to

transfer the action to the District of New Jersey pursuant to 28

U.S.C. § 1404(a).  For the reasons below, Defendants' motion to

dismiss is GRANTED.

1

I.   BACKGROUND

The Court presumes the parties' general familiarity with the facts of this case but undertakes a brief summary here of those facts particularly relevant to Defendants' motion.  In or about December 2009, Plaintiffs entered into a mortgage agreement arising from the purchase of a timeshare property in Atlantic City, New Jersey.  (See Affidavit of Karen Hooks ("Hooks Aff.") ¶¶ 14-18 [dkt. no. 17].)  On April 5, 2011, having made no payments under the terms of the mortgage agreement, Plaintiffs received from Defendants the Notice at issue, which contained a debt validation notice in accordance with FDCPA's requirements as well as a request for a deed in lieu of foreclosure.  (See Compl. ¶¶ 7-8; see also Declaration of Charles M. Forman, Esq. in Support of Defendants' Motion ("Forman Decl.") Ex. E (the Notice) [dkt. no. 15].)[1]  The Notice stated in pertinent part:

> UNLESS YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID.  IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU.  ALSO UPON YOUR WRITTEN REQUEST WITHIN THIRTY

---

[1] The Court takes judicial notice of the Notice.  The complaint incorporates this document by reference, so it is properly considered on a motion to dismiss.  Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006).  Accordingly, the Court need not convert this motion into a Fed. R. Civ. P. 56 motion for summary judgment.  See Int'l Strategies Group, Ltd. v. Ness, 645 F.3d 178, 180 n.1 (2d Cir. 2011).

2

(30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND
ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM
WYNDHAM.  **THIS COMMUNICATION IS AN ATTEMPT TO COLLECT
A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.**

(Compl. ¶ 8; Forman Decl. Ex. E (typeset and bold in original).)

Shortly after receiving the Notice, Plaintiffs' counsel handled

the execution of a deed in lieu of foreclosure and delivered the

deed to Defendants in or around late May 2011.  (See Plaintiffs'

Memorandum of Law in Opposition to Motion to Dismiss ("Opp.") at

4 [dkt. no. 18].)

    In the meantime, however, Plaintiffs had commenced this

lawsuit.  The original Complaint [dkt. no. 1] was filed on or

about April 22, 2011 but not served on Defendants until July 20,

2011, after execution of the deed in lieu of foreclosure.

(Forman Decl. ¶ 27.)  Plaintiffs then filed the First Amended

Complaint on or about September 15, 2011 [dkt. no. 11] alleging

that the Notice violated both the FDCPA and NYGBL, seeking

certification of a plaintiff class pursuant to Fed. R. Civ. P.

23(b)(3) (and therefore money damages), and seeking the maximum

statutory damages and reasonable attorneys' fees available under

the FDCPA and NYGBL.  The pending motions followed.

II.  APPLICABLE LEGAL STANDARD

    A.   Fed. R. Civ. P. 12(b) Motion to Dismiss

    In assessing a motion to dismiss, the Court must accept all

non-conclusory factual allegations as true and draw all

reasonable inferences in the Plaintiff's favor.  Goldstein v.
Pataki, 516 F.3d 50, 56 (2d Cir. 2008).  To survive such a
motion, "a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
A pleading that offers "labels and conclusions" or "a
formalistic recitation of the elements of a cause of action will
not do."  Twombly, 550 U.S. at 555.  "Where a complaint pleads
facts that are 'merely consistent with' a defendant's liability,
it 'stops short of the line between possibility and plausibility
of entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting
Twombly, 550 U.S. at 557).

III. ANALYSIS

     Plaintiffs assert that the Notice at issue violates both
the FDCPA and NYGBL.  The Court addresses those claims in turn.

     A.   Plaintiffs' FDCPA Claims

     Plaintiffs allege that the Notice at issue violates several
sections of the FDCPA, 15 U.S.C. § 1692, et seq.  Specifically,
Plaintiffs allege that the Notice's express inclusion of a
"writing" requirement violates §§ 1692g(a)(3), 1692g(a)(4), and
1692g(b).  Plaintiffs further allege that owing to those
violations, the Notice also violates §§ 1692e and 1692e(10).
Finally, Plaintiff Hooks alone contends that because Defendants

4

communicated directly with her after learning she was represented by counsel, the Notice separately violated § 1692c(a)(2). The Court first addresses Defendant Waldman's liability under the FDCPA and then addresses these individual FDCPA sections in turn as applied to Forman Holt.

     1.   <u>FDCPA Claims against Defendant Waldman</u>

     The Court concludes that Plaintiffs fail to state a claim against Defendant Waldman for individual FDCPA violations. The FDCPA is targeted at "debt collectors." No liability exists against an individual Defendant where Plaintiffs cannot allege him to be a debt collector within the meaning of 15 U.S.C. § 1692a(6). <u>See</u> <u>Pu v. Charles H. Greenthal Mgmt. Corp.</u>, No. 08 Civ. 10084, 2010 WL 774335, at *4 (S.D.N.Y. Mar. 9, 2010). The FDCPA defines a debt collector as one whose "principal purpose" is to collect debts or who "regularly collects or attempts to collect . . . debts owed . . . or due another." <u>See</u> <u>id.</u> (quoting 15 U.S.C. § 1692a(6)). Here, Plaintiffs merely state that "[t]he second-named defendant is a partner, associate, officer or employee of the first-named defendant and is the individual who actually wrote the letter sent to plaintiffs." (Compl. ¶ 3.) Plaintiffs also point to Waldman's description on his firm's website as "a key attorney in the firm's commercial litigation and collection practice." (<u>See</u> Opp. at 24 & Ex. 7.) Plaintiff makes no attempt in the Complaint or in its briefing,

however, to allege specifically either that Waldman's "principal purpose" is to collect debts or that he "regularly collects or attempts to collect . . . debts owed . . . or due another." Plaintiffs in fact concede that their allegations in this regard reduce to no more than "the relevant facts alleged regarding Waldman are tied to all the facts alleged regarding the law firm, with the further facts that he actually wrote and signed the impugned letter." (See id. at 24.)

Absent a specific showing as to Waldman, however, this sort of imputed liability is unavailable to Plaintiffs under either New York or New Jersey law. See, e.g., N.Y. Ltd. Liab. Co. Law § 609(a) ("Neither a member . . ., a manager . . . nor an agent . . . is liable for any . . ., liabilities of the limited liability company . . ., solely by reason of being such member, manager or agent or acting (or omitting to act) in such capacities or participating (as an employee, consultant, contractor or otherwise) in the conduct of the business of the limited liability company."); see also N.J. STAT. ANN. § 42:2B-23 (subject to limited exceptions, "no member, manager, employee or agent . . . shall be obligated personally for any . . . liability of the limited liability company . . . by reason of being a member, or acting as a manager, employee or agent of the limited liability company."). Accordingly, because Plaintiffs have failed to include specific allegations regarding Waldman's

status as a debt collector within the meaning of the FDCPA and
derivative liability is unavailable, Plaintiffs fail to state a
claim against Waldman, and any claims against him are therefore
dismissed.  Because Plaintiffs have already been afforded an
opportunity to amend the Complaint as to Waldman, _supra_, the
claims against him are dismissed with prejudice.

> 2.   FDCPA §§ 1692(a)(3) and 1692(a)(4)

Plaintiffs correctly note that "Defendants take no issue in
their moving papers with the characterization of the law firm as
a debt collector."  (_See_ Opp. at 24.)  The Court also assumes
for the purposes of this motion that Forman Holt qualifies as a
debt collector for § 1692a(6) purposes and that the Notice at
issue in this case is a "validation notice" within the meaning
of § 1692g(a).  Section 1692g(a) requires in pertinent part that
"a debt collector shall . . . send the consumer a written notice
containing" five specified items.  15 U.S.C. § 1692g(a); _see
also_ Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 134 (2d
Cir. 2010), _cert. denied_, 130 S. Ct. 3333 (2010).  Specifically,
Section 1692g(a)(3) requires the validation notice include "a
statement that unless the consumer, within thirty days after
receipt of the notice, disputes the validity of the debt, or any
portion thereof, the debt will be assumed to be valid by the
debt collector."  The very next section goes on to require the
validation notice include "a statement that if the consumer

7

notifies the debt collector <u>in writing</u> within the thirty-day
period that the debt, or any portion thereof, is disputed, the
debt collector will obtain a verification of the debt or a copy
of a judgment against the consumer and a copy of such
verification or judgment will be mailed to the consumer by the
debt collector." <u>See</u> 15 U.S.C. §§ 1692g(a)(3)-(4) (emphasis
added).

Plaintiffs assert that the Notice in this case, which
required a written challenge within thirty days to any part of
the debt, actually violates the FDCPA because Section
1692g(a)(3) "does not prescribe that disputes to prevent the
assumption of validity must be made in writing only." (<u>See</u>
Compl. § 10.)  While it is true that the words "in writing" do
not appear within § 1692g(a)(3) itself, Plaintiffs' proposed
reading of this section would produce an absurd result in light
of the language that immediately follows in § 1692g(a)(4):  "if
the consumer notifies the debt collector in writing within the
thirty-day period . . . the debt collector will obtain a
verification of the debt . . . ."  <u>See</u> 25 U.S.C. § 1692g(a)(4).
A validation notice's required language should be "read as a
whole," <u>Shapiro v. Riddle & Assocs., P.C.</u>, 240 F. Supp. 2d 287,
290-91 (S.D.N.Y. 2003), and is "not deceptive simply because
certain essential information is conveyed implicitly rather than
explicitly," <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1319 (2d Cir.

8

1993).  The Court of Appeals for the Third Circuit has noted the
"incoherent" result that would flow from Plaintiffs' segmented
reading of these sections.  See Graziano v. Harrison, 950 F.2d
107, 112 (3d Cir. 1991).  If an oral communication were
sufficient under § 1692g(a)(3), the Court observed, then

> upon the debtor's non-written dispute, the debt
> collector would be without any statutory ground for
> assuming that the debt was valid, but nevertheless
> would not be required to verify the debt or to advise
> the debtor of the identity of the original creditor
> and would be permitted to continue debt collection
> efforts.

Id. at 112.

Moreover, the Court of Appeals for the Second Circuit has
approved this reasoning.  See, e.g., Miller v. Wolpoff &
Abramson, L.L.P., 321 F.3d 292, 310 (2d Cir. 2003), cert.
denied, 540 U.S. 823 (2003) (noting that similar language as
here "correctly instructs consumers that they should notify W&A
in writing . . . to dispute the debt") (emphasis added).  In
Miller, the Court of Appeals concluded that "the correct
validation notice" had been given which "plainly specifies that
FDCPA contact must be in writing" and "that letter was not
misleading or deceptive on those grounds."  See id.[2]  Even more
recently, the Court of Appeals reiterated that under the FDCPA,

---

[2] Plaintiffs argue, somewhat surprisingly, that the validation
notice in Miller did not include a writing requirement.  (See
Opp. at 21.)  This is patently false.  See Miller, 321 F.3d at
309-10.

"[a]fter receiving a validation notice, the consumer has thirty days to mail a notice to the debt collector disputing the debt . . . ." See Ellis, 591 F.3d at 134 (emphasis added); see also Sarno v. Midland Credit Mgmt., No. 10 Civ. 4704, 2011 WL 349974, at *1-4 (assuming as valid a FDCPA validation notice stating: "Unless you notify [debt collector] in writing within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, [debt collector] will assume this debt to be valid"), aff'd, 435 F. App'x 44 (2d Cir. 2011).  Accordingly, it appears clear that the law in this Circuit requires that Sections 1692g(a)(3) and 1692g(a)(4) be read together in constituting a writing requirement entirely consistent with the Notice at issue in this case.

For these reasons and specifically in light of the language within FDCPA section 1692g(a)(4), the Court cannot agree that section 1692g(a)(3) "does not prescribe that disputes to prevent the assumption of validity must be made in writing only." (See Compl. § 10.)  Nor can the Court agree that the Notice at issue in this case "gives the improper impression to the least sophisticated consumer that a verbal dispute or request for verification will suffice." (See id. ¶ 13.)  As the Court of Appeals stated in Miller, "'courts have consistently applied the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for unreasonable

misinterpretations of collection notices.'"   321 F.3d at 310

(quoting Clomon, 988 F.2d at 1319).   "The hypothetical least

sophisticated consumer does not have 'the astuteness of a

"Philadelphia lawyer" or even the sophistication of the average,

everyday, common consumer,' but is neither irrational nor a

dolt."   Ellis, 591 F.3d at 135 (quoting Russell v. Equifax

A.R.S., 74 F.3d 30, 34 (2d Cir. 1996)).   Plaintiffs cannot

therefore make out a claim that the Notice in this case violated

either FDCPA sections 1692g(a)(3) or 1692g(a)(4).

   3.   FDCPA § 1692g(b)

   Plaintiffs allege that the "language from defendant's

letter violates . . . § 1692g(b), in that, unless the dispute is

made in writing and within 30 days after the consumer's receipt

of the debt collection letter, defendant is not legally

obligated to cease collection of the debt until the verification

is provided to the consumer."   (Compl. ¶ 16.)   The Court agrees

that Plaintiff cannot state a claim under this section arising

from the language of the Notice because section 1692g(b) governs

post-validation-notice conduct and not the content of a

validation notice.   See Ellis, 591 F.3d at 131-32; Williams v.

Citibank, N.A., 565 F. Supp. 2d 523, 528 (S.D.N.Y. 2008).

Plaintiff alleges no activity or further communication by

Defendants within the relevant thirty day period that would

trigger this section's application.   Plaintiff merely suggests

11

in its briefing that "[t]he violation of § 1692g(b) is
frequently found when paragraph (a)(3), (a)(4) or (a)(5) is
violated." (See Opp. at 23.) Here, however, the Court has not
found a § 1692g(a)(3) or § 1692g(a)(4) violation. Moreover, the
Court agrees that to the extent Plaintiffs have failed to
respond to the arguments raised by Defendants in their briefing,
(see Memorandum of Law in Support of Defendants' Motion to
Dismiss ("Def. Mem") at 12-13 [dkt. no. 16]; Reply Memorandum of
Law in Support of Defendants' Motion to Dismiss ("Reply Mem.")
at 1 & n.2 [dkt. no. 19]), Plaintiffs have effectively waived
this claim. See McPhee v. Gen. Elec. Int'l, Inc., 736 F. Supp.
2d 676, 681 (S.D.N.Y. 2010).

      4.   FDCPA §§ 1692e and 1692e(10)

     FDCPA section 1692e and sub-section 1692e(10) together
prohibit "the use of any false representation or deceptive means
to collect or attempt to collect any debt or to obtain
information concerning a consumer." 15 U.S.C. § 1692e(10).
Plaintiffs' allegations merely incorporate those already made
with respect to §§ 1692g(a)(3)-(4). (See Compl. ¶ 18.) Again,
Plaintiffs note that these predicate violations may constitute
per se violations of §§ 1692e. As above, however, the Court has
held that Plaintiffs fail to state a claim for such predicate
violations and offer no additional allegations in support of

them.  (See Opp. at 23.)  Accordingly, Plaintiffs fail to state
a claim for a violation of §§ 1692e and 1692e(10).

    5.    <u>FDCPA § 1692c(a)(2)</u>

FDCPA section 1692c(a)(2) forbids a debt collector from
communicating directly with a consumer if "the debt collector
knows the consumer is represented by an attorney with respect to
such debt . . . ."  <u>See</u> 15 U.S.C. § 1692c(a)(2).  Plaintiff
Hooks alleges that Defendants violated section 1692c(a)(2) in
sending her the Notice while she was already represented by
counsel.  (See Compl. ¶¶ 25-29.)  Plaintiff states that she
informed the original creditor, Wyndham, by letter of her
representation by counsel and her desire not to be contacted
directly concerning the matter.  (<u>Id.</u> ¶¶ 21-23.)  Plaintiff also
alleges that sometime after Wyndham assigned the account to
Defendants, "on information and belief . . . Wyndham did inform
defendant that plaintiff was represented by counsel in the
matter of the collection of the debt and that plaintiff disputed
the debt."  (<u>Id.</u> ¶ 25.)  Defendants deny knowledge of the
representation.  (<u>See</u> Def. Mem. at 14.)  Alternatively,
Plaintiff alleges that even if Defendants did not know of her
representation by counsel, "defendant had an affirmative duty to
inquire of Wyndham whether either plaintiff was represented by
counsel . . . ."  (<u>See</u> Compl. ¶ 26.)  Finally, Plaintiff alleges
that because Defendants made improper contact with her under

section 1692c(a)(2), this constituted a "false representation or deceptive means used in defendant's attempt to collect a debt." (See id. ¶ 29.)

At the outset the Court observes that section 1692c(a)(2) on its face does not contain a negligence standard or otherwise contemplate an affirmative duty to inquire upon assignment, as Plaintiff suggests. See 15 U.S.C. § 1692c(a)(2). Accordingly, this section is only applicable upon Defendants' knowledge of Plaintiff's representation, which is disputed. Moreover, even where a Defendant is presumed to have knowledge of a consumer's representation by counsel, section 1692c includes several exceptions to the general rule. For example, notwithstanding the fact that a debt collector has already been instructed in writing not to contact the consumer directly, it may make additional direct contact "(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy." See 15 U.S.C. § 1692c(c)(1)-(3). Ultimately, the Court may presume without deciding Defendants' knowledge of Plaintiff's representation by counsel on this

14

motion, because with or without such knowledge, the Notice does not violate section 1692c as a matter of law.

Defendants issued the Notice pursuant to the New Jersey Fair Foreclosure Act, which mandates a required pre-foreclosure notice be "sent to the debtor . . . at the debtor's last known address . . . ." See N.J. STAT. ANN. § 2A:50-56(b).  Among the information required on such a notice is a description of "the particular obligation or real estate security interest."  Id. § 2A:50-56(c)(1).  As noted above, the Notice contained both a debt validation notice in accordance with FDCPA's requirements as well as a request for a deed in lieu of foreclosure.  (See Compl. ¶¶ 7-8 & Ex. 1; see also Forman Decl. Ex. E.)  In fact, the Notice was titled in part, "Notice of Intention to Accelerate and Foreclose Pursuant to the New Jersey Fair Disclosure Act."  (See, e.g., Compl. Ex. 1.)  The Court finds that such contact is permissible under the exceptions outlined in § 1692c(c)(2)-(3).

Moreover, where a Defendant is attempting to comply with state law requirements in enforcing a specific remedy, a majority of courts have found that the FDCPA does not stand in the way.  See, e.g., Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009) (noting that "enforcement of a security interest through the foreclosure process is not debt collection for purposes of [FDCPA]"); Vitullo v. Mancini, 684 F.

15

Supp. 2d 747, 758 (E.D. Va. 2010) ("[T]he FDCPA does not prohibit debt collectors from foreclosing on debtors' properties pursuant to state law, and nothing in the FDCPA authorizes debt collectors to violate or fail to comply with state foreclosure laws."); Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("Foreclosing . . . is distinct from the collection of the obligation to pay money. . . . Rather, the lender is foreclosing its interest in the property."); Buffington v. Schuman & Schuman, P.C., et al., No. 00 Civ. 1620, 2001 WL 34082273, at *3 (N.D.N.Y. Feb. 21, 2001) ("[L]ower courts are free to interpret the §§ 1692c(c)(2) & (3) exceptions in a manner that preserves a creditor's judicial remedies.") (discussing Heintz v. Jenkins, 514 U.S. 291, 296 (1995)).  In fact, when presented with a strikingly similar set of facts in Vitullo, the Court there held that because the defendant "was required by West Virginia law to send the notice of acceleration and foreclosure to the grantor's address, . . . the [direct contact] does not violate § 1692c(a)(2)."  See Vitullo, 684 F. Supp. 2d at 759.

Owing to both the weight of this authority and the Supreme Court of the United States' admonition to construe the FDCPA in ways "consistent with the statute's apparent objective of preserving creditors' judicial remedies," Heintz, 514 U.S. at 296, the Court concludes that Plaintiff Hooks fails to state a

16

claim that the Notice, issued pursuant to the New Jersey Fair Foreclosure Act, violates FDCPA section 1692c(a)(2). The Court observes that Plaintiffs' briefing on this claim was limited to a single sentence: "Defendants' allegations regarding these claims are without substance." (See Opp. at 23.) Accordingly, the Court again notes that to the extent Plaintiffs have failed to respond to the arguments raised by Defendants in their briefing, (see Def. Mem at 14-16; Reply Mem. at 1 & n.2), Plaintiffs have effectively waived this claim. See McPhee, 736 F. Supp. 2d at 681.

The Court therefore concludes that Plaintiffs have failed to state any claim for a violation of the FDCPA. Because Plaintiffs have already been given an opportunity to amend their Complaint, and further amendment of the FDCPA claims appear to be futile, those claims are dismissed with prejudice.

B.  **Plaintiffs' NYGBL § 349 Claim**

NYGBL § 349(a) prohibits "[deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." See N.Y. GEN. BUS. § 349(a). To state a claim, a complaint must allege, in addition to an in-state nexus, that "defendant's acts are directed to consumers," that "defendant is engaging in an act or practice that is deceptive or misleading in a material way," and that "plaintiff has been injured by reason thereof." See Oswego

17

<u>Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.</u>,
647 N.E.2d 741, 744 (N.Y. 1995).  Additionally, the term
"consumer" has a specific meaning as used throughout New York
law.  <u>See, e.g.</u>, <u>Cruz v. NYNEX Info. Res.</u>, 703 N.Y.S.2d 103, 106
(N.Y. App. Div. 2000) (Under New York law, "the term 'consumer'
is consistently associated with an individual or natural person
who purchases goods, services or property primarily for
'personal, family or household purposes.'")  This is of course
entirely different from the definition of "consumer" within
FDCPA § 1692a(3) which includes "any natural person obligated or
allegedly obligated to pay any debt."

Plaintiffs allege that they are "consumers as defined by
the FDCPA, § 1692a(3)" and that "defendant's deceptive and
misleading acts and practices were consumer-oriented . . ."
(Compl. ¶¶ 2, 32.)  They do not, however, adequately allege that
"defendant's acts are directed to <u>consumers</u>," <u>see</u> <u>Oswego</u>, 647
N.E.2d at 744 (emphasis added), as New York law defines that
term.  Indeed, Plaintiffs have alleged throughout the Complaint
that they are debtors and that Defendant Forman Holt is, at
most, "a collector of consumer debts incurred principally or
wholly by natural persons."  (<u>See</u> Compl. ¶ 32.)  Defendants
argue, and this Court agrees, that whatever Plaintiffs
relationship to Wyndham, in their dealings with Defendants these
Plaintiffs were never consumers but rather were debtors or

18

alleged debtors on a mortgage being foreclosed.  (See Def. Mem. at 19.)

Moreover, Plaintiffs have failed to allege, as they must, that the Notice was materially false or misleading such that it would mislead "a reasonable consumer in the plaintiff's circumstances."  See Solomon v. Bell Atl. Corp., 777 N.Y.S.2d 50, 55 (N.Y. App. Div. 2004).  Instead, Plaintiffs rely on their previous allegations as to what the "least sophisticated consumer" would believe under the FDCPA.  (See Compl. ¶¶ 33-34.) The Court has already concluded that Plaintiffs did not meet their burden even under the lower FDCPA standard.  Accordingly, they have certainly failed to state a claim for NYGBL § 349 purposes.

Finally, the Court agrees that Plaintiffs' NYGBL claim is almost entirely prospective in nature.  Plaintiffs have failed to allege, as they must, that they were personally misled or deceived by the Notice.  See, e.g., Solomon, 777 N.Y.S.2d at 55 (noting that an essential element of the claim is the allegation "that the plaintiff was deceived by those misrepresentations or omissions").  The Complaint is completely devoid of concrete allegations to that effect.  This Court has already determined, supra, that Defendants' direct contact with Plaintiff Hooks did not violate the FDCPA.  Moreover, Plaintiff Hooks's receipt of the Notice led to the successful execution of the deed in lieu

19

of foreclosure by Plaintiffs' counsel.  (See Opp. at 4.)  In
light of these facts, Plaintiffs' allegation that Defendants'
direct contact with Hooks is itself a reason "[t]hat defendant's
letter is deceptive and misleading," (Compl. ¶ 35), is entirely
without merit.

     Because Plaintiffs have already been given an opportunity
to amend their Complaint, and further amendment of the NYGBL
§ 349 claim appears to be futile, that claim is dismissed with
prejudice.


                            CONCLUSION

     For the foregoing reasons, Defendants' motion to dismiss
these claims [dkt. no. 14] is GRANTED in its entirety and with
prejudice.  Accordingly, the Court does not reach the secondary
issues of venue transfer pursuant to 28 U.S.C. § 1404(a) or
class certification pursuant to Fed. R. Civ. P. 23(b)(3).  The
Clerk shall mark this action closed and any other pending
motions denied as moot.

SO ORDERED.

Dated:     New York, New York
           August 13, 2012

                          _Loretta A. Preska_
                          LORETTA A. PRESKA
                          Chief United States District Judge


                               20

**A-48**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
KAREN HOOKS and GERALDINE MOORE, et al.,
                         Plaintiffs,

                  -against-

FORMAN HOLT ELIADES & RAVIN LLC and
WILLIAM W. WALDMAN,
                         Defendants.
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/15/12_

11 **CIVIL** 2767 (LAP)

**JUDGMENT**

      Defendants having moved to dismiss all claims asserted in Plaintiffs' First Amended

Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, to transfer the action to the

District of New Jersey pursuant to 28 U.S.C. § 1404(a), and the matter having come before the

Honorable Loretta A. Preska, United States District Judge, and the Court, on August 13, 2012,

having rendered its Memorandum and Order granting Defendants' motion to dismiss these claims

in its entirety and with prejudice, it is,

      **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the

Court's Memorandum and Order dated August 13, 2012, Defendants' motion to dismiss these claims

is granted in its entirety and with prejudice; the Court does not reach the secondary issues of venue

transfer pursuant to 28 U.S.C. § 1404(a) or class certification pursuant to Fed. R. Civ. P. 23(b) (3);

accordingly, the case is closed and any other pending motions denied as moot.

**Dated:** New York, New York
        August 15, 2012

                            **RUBY J. KRAJICK**
                                _____
                                **Clerk of Court**

            **BY:**                _____
                                **Deputy Clerk**

                      THIS DOCUMENT WAS ENTERED
                      ON THE DOCKET ON _____

A-49

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X   Case No. 11-cv-02767-LAP
KAREN HOOKS and GERALDINE MOORE, on
behalf of themselves individually and all others
similarly situated,

                                          Plaintiffs,          **NOTICE OF APPEAL**


                      -against-


FORMAN, HOLT, ELIADES & RAVIN, LLC. and
WILLIAM L. WALDMAN,
                                          Defendants.
-----------------------------------------------------------------X

```
U.S. DISTRICT COURT
       FILED
    SEP 1 1 2012
        D.S.
    S.D. OF N.Y.
```

SIR OR MADAM,

        PLEASE TAKE NOTICE that the Plaintiffs, individually and on behalf of all others

similarly situated, hereby appeal to the United States Court of Appeals for the Second

Circuit from the final Judgment entered in this action on August 15, 2012 and the

Memorandum and Order rendered herein dated August 13, 2012, granting Defendants'

motion to dismiss the Complaint, and this appeal is taken from each and every part of

said Judgment, Memorandum and Order.

Dated: New York, New York
       September 11, 2012.


                                          FAGENSON & PUGLISI


                                          NOVLETTE R. KIDD, ESQ.
                                          450 Seventh Avenue, Suite 704
                                          New York, New York 10123
                                          Telephone: (212)268-2128
                                          Nkidd@fagensonpuglisi.com
                                          Attorneys for the Plaintiffs