# Weinstein Kitchenoff & Asher LLC

1845 Walnut Street    Suite 1100    Philadelphia  PA  19103
voice 215  545  7200
fax    215  545  6535
web    www.wka-law.com

David H. Weinstein
Admitted in PA and CA
Email: weinstein@wka-law.com

February 20, 2013

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals
 For the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Hooks et ano. v. Forman Holt Eliades & Ravin LLC et ano.*, № 12-3639

Dear Ms. Wolfe:

As counsel for appellees in the above matter, Forman Holt Eliades & Ravin LLC and William L. Waldman, I am writing pursuant to Fed. R. App. P. 28(j) to bring to the Court's attention a supplemental authority.

During oral argument in this matter on February 13, 2013, I argued that Forman Holt's compliance with the standard Hooks and Moore ask the Court to adopt in this case could result in Forman Holt's liability to these New York resident plaintiffs had they brought their action in a Third Circuit district court, because a validation notice permitting an oral dispute of the debt could be found to be deceptive and misleading under FDCPA § 1692e as a result of the holding in *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991). As I stated during the argument, the federal district court in New Jersey has recently reached that conclusion.

In *McCabe v Eichenbaum & Stylianou, LLC*, C.A. No. 11-7403 (MAS) (TJB), 2012 U.S. Dist. Lexis 179129 (D.N.J. Dec. 19, 2012), the validation notice stated that the defendant "will assume that this debt is valid unless you dispute the same … within thirty (30) days …. If, for any reason, you dispute this debt …, you ***may*** notify us of the same in writing within thirty (30) days …." *Id.* at *2 (emphasis added by the court). Although the notice tracked the § 1692g(a)(3) language,

W<small>EINSTEIN</small> K<small>ITCHENOFF</small> & A<small>SHER LLC</small>

Catherine O'Hagan Wolfe<br>
February 20, 2013<br>
Page 2

the *McCabe* court nevertheless denied the defendant's motion for judgment on the pleadings precisely because the notice language that said the debtor *may* dispute the debt in writing could violate § 1692e. Such language, the court concluded, could be deceptive and misleading in light of the *Graziano* rule that, to be effective, "any dispute [of the debt] must be in writing." *Id.* at *5.

    Accordingly, since the statute cannot, without violating due process of law, impose liability for performing an act and at the same time impose liability for failure to perform that act, the Court should affirm the judgment in this case, irrespective of the § 1692g(a) standard the Court may conclude applies in other circumstances.

                                                  Respectfully,

                                                  */s/ David H. Weinstein*

cc:    Joanne S. Faulkner, Esq.
        Novlette R. Kidd, Esq.
        Richard J. Rubin, Esq.
        (All by ECF, with copy by email)