# Joanne S. Faulkner
ATTORNEY AT LAW
_____
123 AVON STREET NEW HAVEN, CT 06511-2422   TELEPHONE (203) 772-0395    j.faulkner@snet.net

February 21, 2013

Clerk, Court of Appeals
Room 1702
U.S. COURTHOUSE
40 Foley Square
NEW YORK NY 10007

    Re: Hooks v. Forman Holt Eliades & Ravin LLC., No. 12-3639

Honorable Clerk:

Contrary to Appellee's Rule 28j letter dated February 20, 2013, the "Not for Publication" opinion in *McCabe v. Eichenbaum & Stylianou LLC*, C.A. No. 11-7403 (MAS) (TJB), 2012 U.S. Dist. Lexis 179129 (D.N.J. Dec. 19, 2012), deals with the disclosure required by §1692g(a)(4). The collector's disclosure actually tracks the statutory language of §1692g(a)(3), confirming that even in the Third Circuit, collectors use that statutory language as the norm.

In further support of our Opening Brief (Doc. No. 35 at 6), the plain language of the statute should prevail due to its placement and purpose in the statutory scheme:

> As with any question of statutory interpretation, we begin by examining the text of the statute. *See Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S. Ct. 1885, 1891 (2011). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). "In interpreting the statute at issue, we consider not only the bare meaning of the critical word or phrase but also its placement and purpose in the statutory scheme." *Holloway v. United States,* 526 U.S. 1, 6 (1999) (alteration and internal quotation marks omitted).

*Jimico Enterprises, Inc. v. Lehigh Gas Corporation*, No. 11-4563, slip op. at 6 (2d Cir. Feb. 20, 2013)
.

Respectfully,

Joanne S. Faulkner

cc: David Weinstein, Esq.