# W<small>EINSTEIN</small> K<small>ITCHENOFF</small> & A<small>SHER</small> LLC

1845 Walnut Street   Suite 1100   Philadelphia  PA  19103
voice 215   545   7200
fax   215   545   6535
web   www.wka-law.com

D<small>AVID</small> H. W<small>EINSTEIN</small>
Admitted in PA and CA
Email:weinstein@wka-law.com

March 6, 2013

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals
 For the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:   *Hooks et ano. v. Forman Holt Eliades & Ravin LLC et ano.*, № 12-3639

Dear Ms. Wolfe:

As counsel for appellees in the above matter, Forman Holt Eliades & Ravin LLC and William L. Waldman, I am writing pursuant to Fed. R. App. P. 28(j) in response to the March 4, 2013 letter from Joanne S. Faulkner, Esq., counsel for Appellants Hooks and Moore. Ms Faulkner brought to the Court's attention the March 1, 2013, decision of the Third Circuit in *Caprio v. Healthcare Revenue Recovery Group, LLC*, No. 12-1846, — F.3d —, 2013 U.S. App. Lexis 4221.

In *Caprio*, the Third Circuit went way beyond merely reaffirming *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991). Rather, the court held that a letter asking the debtor to "**please call** us … or write us," 2013 U.S. App. Lexis 4221 at *2, *18 (boldface in original) violated FDCPA § 1692g and was misleading under § 1692e because it overshadowed the Circuit's dispute-in-writing standard under § 1692g(a)(3).

The *Caprio* court repeatedly emphasized the standard as follows:

- "[I]t is well established that *a telephone call is not a legally effective alternative for disputing  the debt*." *Id*. at *20-*21 (italics added), citing *Graziano*.

# W<small>EINSTEIN</small> K<small>ITCHENOFF</small> & A<small>SHER</small> <small>LLC</small>

March 6, 2013<br>
Page 2

- "[I]t appears more likely that the 'least sophisticated debtor' would take the easier—*but legally ineffective*—alternative of making a toll-free telephone call to dispute the debt instead of going to the trouble of drafting and then mailing a written dispute." *Id.* at *21 (italics added).

- "[T]he Collection Letter was deceptive because it can be reasonably read to have two or more different meanings, one of which is inaccurate, i.e., that Caprio could dispute the debt by making a telephone call." *Id.* at *21-*22 (internal quotation marks omitted).

*Caprio* thus reinforces Forman Holt's contentions that its Foreclosure Notice complied with the Third Circuit standard and that, had Forman Holt sent a different Foreclosure Notice to debtors living in New York than to debtors in New Jersey, the New York debtors like Hooks and Moore could then have merely brought suit in New Jersey for violation of the Third Circuit standard. That heads-I-win-tails-you-lose scenario would be both unfair and a denial of due process of law.

                                      Respectfully,

                                      */s/ David H. Weinstein*

cc:    Novlette R. Kidd, Esq.
         Joanne S. Faulkner, Esq.
         Richard J. Rubin, Esq.
         (All by ECF, with copy by email)