# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: February 13, 2013                          Decided: May 29, 2013)

Docket No. 12-3639-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KAREN HOOKS and GERALDINE MOORE, on behalf of themselves individually and all others similarly situated,

        *Plaintiffs-Appellants*,

                v.

FORMAN, HOLT, ELIADES & RAVIN, LLC,

        *Defendant-Appellee*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Before: HALL, LIVINGSTON, and DRONEY, *Circuit Judges*.

    Suit against debt collector alleging, *inter alia*, that a collection notice requiring dispute of validity of debt to be in writing violated the Fair Debt Collection Practices Act. The United States District Court for the Southern District of New York (Preska, *C.J.*) granted defendants' motion to dismiss all claims. We VACATE the district court's order as it relates to 15 U.S.C. § 1692g(a)(3) and REMAND for further proceedings.

                                        JOANNE S. FAULKNER, New Haven, Connecticut (Novlette R. Kidd, Fagenson & Puglisi, New York, New York, Richard J. Rubin, Santa Fe, New Mexico, *on the brief*), *for Plaintiffs-Appellants.*

---

[*] The Clerk of the Court is directed to amend the official caption to conform to the above.

DAVID H. WEINSTEIN, Leila E. Ely, Weinstein Kitchenoff & Asher LLC, Philadelphia, Pennsylvania, *for Defendant-Appellee*.

DRONEY, *Circuit Judge*:

Karen Hooks and Geraldine Moore ("Plaintiffs"), brought suit against Forman, Holt, Eliades & Ravin, LLC ("Forman Holt"), a debt collector within the meaning of 15 U.S.C. § 1692a(6),[1] alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g.[2] Plaintiffs allege that Forman Holt's collection notice violated the FDCPA by stating that the Plaintiffs could only dispute the validity of a debt in writing. The district court granted Forman Holt's motion to dismiss, concluding that the Plaintiffs had failed to state a claim. We VACATE and REMAND.

## BACKGROUND

Plaintiffs are New York residents. During a visit to Atlantic City, New Jersey, in December 2009, they attended a presentation on vacation timeshares sponsored by Wyndham Vacation Resorts, Inc. ("Wyndham"). Plaintiffs then signed an agreement with Wyndham to purchase a timeshare. Hooks has stated that the Plaintiffs did not realize that the document they signed was a mortgage, and neither made any subsequent payments.

Wyndham then engaged Forman Holt to begin the timeshare debt collection process. Forman Holt sent a collection notice ("Notice") to Plaintiffs at their New York addresses on April 5, 2011. The Notice read, in relevant part:

> UNLESS YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS
> AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF

---

[1] Although Forman Holt contests the allegation that it is a debt collector, it has not challenged that characterization for purposes of the motion to dismiss.

[2] In their initial complaint, Plaintiffs asserted additional causes of action and brought suit against an additional defendant. They have not elected to appeal the district court's dismissal of those claims, and we do not consider them here. In particular, the Plaintiffs initially named William L. Waldman, a "partner, associate, officer or employee" of Forman Holt, as a defendant in this case. However, the district court dismissed these claims with prejudice on the ground that the complaint did not sufficiently allege that Waldman was a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

    IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM WYNDHAM.

The Plaintiffs brought suit in the United States District Court for the Southern District of New York, alleging that the Notice failed to comply with 15 U.S.C. § 1692g. Section 1692g requires a debt collector to send a written notice to any consumer debtor with whom it communicates in connection with the collection of a debt. Section 1692g(a)(3) further requires that this notice must contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." The Plaintiffs asserted that the Notice violated § 1692g(a)(3) because the Notice indicates that a challenge to the validity of the debt must be made in writing and cannot be made orally.

Forman Holt moved to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted the motion, concluding that a notice requiring that disputes must be presented in writing does not violate 15 U.S.C. § 1692g(a)(3).[3] *See Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 Civ. 2767, 2012 WL 3322637 (S.D.N.Y. Aug. 13, 2012).

## DISCUSSION

### I.   Standard of Review

We review a district court's decision to grant a motion to dismiss under Rule 12(b)(6) *de novo*, accepting all properly pled factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). We also review questions of statutory interpretation *de novo*. *In re Air Cargo Shipping Servs. Antitrust Litig.*, 697 F.3d 154, 157 (2d Cir. 2012).

---

[3] This case was brought as a putative class action, but the district court has yet to rule on the class aspects of this case. The district court also has yet to rule on Forman Holt's motion to transfer venue.

## II. Analysis

Section 1692g(a) provides that a debt collector must send consumer debtors a written notice that contains:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Section 1692g(b) further provides that if the consumer "notifies the debt collector in writing" that the debt is disputed, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." Because sections 1692g(a)(4), (a)(5), and (b) state that a consumer debtor can only obtain her rights under those sections by notifying the debt collector in writing, Forman Holt maintains that a writing is required to dispute the validity of the debt under § 1692g(a)(3), although that section does not state that a writing is required.

This is a question of first impression for this Circuit.[4] The two other circuits that have considered the issue have reached different conclusions. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1610 n.3 (2010) (noting circuit split). The Third Circuit has held that a notice imposing a writing requirement does not violate § 1692g, while the Ninth Circuit has held that it does.

---

[4] Previous opinions of this Court have included language apparently assuming that a written notice is required to dispute a debt. But, fairly read, none of these opinions appears to have resolved the issue. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010) (summarizing § 1692g(a)(3) as involving a mailing requirement in the context of an unrelated challenge to the effect of a lawsuit during the dispute period); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 309-10 (2d Cir. 2003) (acknowledging that oral notice is not sufficient to preserve all rights under the FDCPA, including, *inter alia*, the verification right, in the course of evaluating a challenge to separate language encouraging a telephone call).

4

In *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991), the Third Circuit concluded that a consumer debtor must send a written statement to contest the validity of the debt under § 1692g(a)(3).[5]  The Third Circuit's reasoning centered on two points.  First, the Third Circuit stated that reading § 1692(a)(3) not to impose a writing requirement would result in an "incoherent . . . system" in light of the explicit writing requirements in sections 1692g(a)(4), 1692g(a)(5), and 1692g(b).  *Id.* at 112.  "[U]pon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original creditor and would be permitted to continue debt collection efforts."  *Id.*  The court concluded that Congress could not have intended such a result.  Second, the court observed that written statements serve the useful purpose of creating a record of the dispute.  *Id.*

In *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005), the Ninth Circuit concluded that a consumer debtor need not send a writing to contest the debt under § 1692g(a)(3).  The Ninth Circuit's reasoning centered on four points.  First, the court stated that the contrasting explicit writing requirements in § 1692(a)(4) and (a)(5) showed that Congress did not intend to impose a writing requirement under § 1692(a)(3): "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."  *Id.* at 1081 (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)) (alteration in *Camacho*).  Second, the court stated that this interpretation was sound because the statute provides for other protections in the event of a dispute, and those protections depend only on whether a debt was disputed, and not on whether there was a prior writing.  *Id.* at 1081-82.  For example, once a debt has been disputed, a debt collector cannot communicate the debtor consumer's credit information to others without disclosing the dispute.  15 U.S.C. § 1692e(8).  And if the debtor consumer owes multiple debts and makes a payment, the debt collector cannot apply the payment to the disputed debt.  *Id.* at § 1692h.  Third, the court concluded that the legislative purpose of allowing alleged debtors to question and challenge the initial communication of the collection agency is furthered by permitting oral objections.  *Camacho*, 430 F.3d at 1082.  Finally, the court stated that its reading – by which some rights can be

---

[5] The Third Circuit recently reaffirmed this holding. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013).

5

Case: 12-3639    Document: 82    Page: 6    05/29/2013    949504    7

triggered by an oral dispute, but others required a written statement – would not mislead consumers, as *Graziano* had suggested it would. *Id.*

We find the reasoning of the Ninth Circuit more persuasive. The language of § 1692g(a)(3) does not incorporate the writing requirement included specifically in other sections of the same statute. We see no reason to ignore this difference in statutory language. Indeed, giving effect to the difference creates a sensible bifurcated scheme. The right to dispute a debt is the most fundamental of those set forth in § 1692g(a), and it was reasonable to ensure that it could be exercised by consumer debtors who may have some difficulty with making a timely written challenge. Such debtor consumers would also undoubtedly benefit from having their payments applied to the undisputed portion of their debts, in accordance with § 1692h, or having the fact of the dispute reported whenever the debt collector communicates with others about the debt, in accordance with § 1692e(8). But such debtor consumers are less likely to benefit from further written notices validating the debt, per § 1692g(a)(4), or naming the original creditor, per § 1692g(a)(5).

In addition, the rights defined by §§ 1692h and 1692e(8) place less of a burden on debt collectors than the rights defined by §§ 1692g(a)(4), (a)(5) and (b). Sections 1692g(a)(4) and (a)(5) call for affirmative steps on the part of the debt collector, and § 1692g(b) requires the debt collector to "cease collection of the debt" unless it complies with several conditions that relate to verifying the debt or judgment in question. "Section 1692g(b) thus confers on consumers the ultimate power vis-à-vis debt collectors: the power to demand the cessation of all collection activities." *Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998). It therefore makes sense to require debtor consumers to take the *extra* step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b). This is certainly not the type of patently unreasonable policy that could cause us not to apply the straightforward language of the statute.

As a result, Forman Holt's challenge to the statutory structure is unavailing. Debtors can protect certain basic rights through an oral dispute, but can trigger a broader set of rights by disputing a debt in writing. Admittedly, a scheme where some rights can be asserted orally while others require a written statement is more complex than one where all rights require a written statement. But even if we were inclined to strike a different balance between the value of allowing oral disputes and the value of simpler requirements for debtors, "[w]e are not at liberty

6

to substitute a view different from that expressed by Congress in the legislative enactment." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989). As a result, we conclude that § 1692g(a)(3) does not impose a writing requirement.

Forman Holt, in anticipating this conclusion, characterizes it as a "new legal rule," and proposes giving it purely prospective effect. However, prospective application is appropriate only where there has been "justifiable reliance" on some settled understanding of prior law. *Walsche v. First Investors Corp.*, 981 F.2d 649, 653 (2d Cir. 1992). As noted above, our conclusion is not in tension with any prior holding of this Court, and indeed, many district courts in this Circuit have concluded that § 1692g(a)(3) does not require a written notice. *See Register v. Reiner, Reiner & Bendett, PC*, 488 F. Supp. 2d 143, 147 (D. Conn. 2007) (stating that "the Second Circuit has not spoken to this issue" before concluding that the consumer need not put her dispute in writing to trigger the protection of § 1692g(a)(3)); *Vega v. Credit Bureau Enters.*, No. 02-CIV-1550, 2005 WL 711657, at *8 (E.D.N.Y. Mar. 29, 2005) ("The Second Circuit has not yet decided whether § 1692g(a)(3) requires consumers to dispute the validity of debts in writing. However, all district courts within the Second Circuit that have considered the issue concluded that subsection (a)(3) does not require a consumer to write to the collection agency to dispute the validity of the debt."). Given the absence of any settled rule that § 1692g(a)(3) included a writing requirement, Forman Holt cannot show the "justifiable reliance" needed for prospective application. Prospective application would also be uniquely inappropriate here, given the Supreme Court's recent holding that the FDCPA does not provide a "good faith" defense for mistakes of law. *Jerman*, 130 S.Ct. at 1611.

## CONCLUSION

For the foregoing reasons, we VACATE the judgment of the district court that dismissed the plaintiff's complaint on the ground that a debtor consumer can claim the benefits of 15 U.S.C. § 1692g(a)(3) only by sending the debt collector a written notice of the dispute, and REMAND for further proceedings consistent with this opinion.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7